Filed 2/10/16  P. v. Cooper CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JAMES WILLY COOPER,<br><br>    Defendant and Appellant. | B262606<br><br>(Los Angeles County<br>Super. Ct. No. MA011494) |

APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed.

Suzan E. Hier, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Noah P. Hill and Viet H. Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.

# I.  INTRODUCTION

Defendant, James Willy Cooper, appeals from an order denying his Penal Code[1] section 1170.126, subdivision (b) resentencing petition.  Defendant was convicted by a jury in August 1996 of firearm possession by a felon.  (Former § 12022, subd. (a)(1), see now § 29800, subd. (a).)  Defendant was sentenced to state prison for 30 years to life based on the findings he had sustained two prior serious felony robbery convictions and served five prior prison terms.  (§§ 667, subds. (b)-(i), 667.5, subd. (b), 1170.12).  Defendant sought resentencing on the grounds the offense of a felon in possession of a firearm is neither a violent nor serious felony.  (§§ 667.5, subd (c), 1192.7, subd. (c).)  The trial court found defendant was ineligible for resentencing because he was armed with a handgun when he committed the firearm possession by a felon offense in 1996.  (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii), 1170.126, subd. (e)(2).)

On appeal, defendant argues the trial court improperly made an independent factual finding that he was armed.  Defendant further asserts the arming had to be anchored to an offense other than firearm possession by a felon.  The Courts of Appeal have repeatedly rejected these arguments.  We follow that precedent and affirm the order denying defendant's resentencing petition.

# II.  BACKGROUND

We have judicially noticed the record on appeal from defendant's 1996 conviction.  (*People v. Cooper* (Oct. 14, 1997, B106943) [nonpub. opn.]; Evid. Code, §§ 452, subd. (c), 455, subd. (a), 459, subds. (a)-(b).)  We summarized the facts underlying defendant's 1996 conviction in our opinion on appeal from that judgment:  "In January 1996, [defendant] was on parole and living with his girlfriend, Lynn Strange, and her four

---

[1]     Further statutory references are to the Penal Code unless otherwise noted.

children.  On January 19, 1996, [defendant's] parole officer gave Los Angeles County sheriff's deputies permission to search [defendant's] apartment as part of a criminal investigation.  The deputies went to the apartment, and were let in by [defendant's] girlfriend.  Upon entering the apartment, they saw [defendant] sitting at a table near the kitchen and placed him under arrest.  The deputies then searched the apartment and found a loaded .38-caliber handgun in a kitchen cabinet.  Upon hearing that the deputies had found a gun, [defendant's] girlfriend, who had been sitting on a sofa in the living room, jumped up and started 'yelling and screaming [and] flailing her arms.'  Pointing to [defendant], she said, 'I can't believe, that son of a bitch would bring a gun into our apartment with all my kids,' and 'He is my boyfriend and that's fucked up.'  [¶]  Four days later, [defendant's] parole officer visited him in jail to interview him to determine whether he had violated conditions of his parole.  [Defendant] told his parole officer that he had found the gun in a downstairs' closet two weeks before his arrest, and had moved it to the cabinet so it would be out of the children's reach.  He explained that he believed the gun belonged to his girlfriend's former boyfriend." (*People v. Cooper, supra,* typed opinion at p. 3].)

The prosecution presented the following additional evidence from defendant's original trial in connection with his resentencing petition.  Deputies Paul Donnan and David Bower were among those who arrested defendant.  The arrest occurred in defendant's home.  Deputy Donnan knocked on defendant's apartment door and announced, "Sheriff's Department."  Deputy Donnan heard voices and scuffling inside the apartment.  The scuffling lasted from 5 to 10 seconds.  After Deputy Donnan knocked a second time, Ms. Strange opened the door.  Defendant was sitting in a dining chair between the kitchen and the living room.  Deputy Bower found a "fully-operational" .38-special revolver in a kitchen cabinet.  The weapon contained five live rounds of ammunition.  The firearm was on the bottom shelf of an upper kitchen cabinet, at about shoulder height.  The gun was not deep inside the cupboard.  The revolver was close to the cupboard door.  The butt of the handgun was facing out.  The cabinet was in the part of the kitchen closest to defendant.  Deputy Donnan testified defendant was seated five to

3

six feet from that cabinet. Deputy Bower's testimony was less clear. Deputy Bower estimated the same distance as 10 to 15 feet. Deputy Bower also testified, however, that the distance from the kitchen cabinet to the table was 10 to 15 feet and defendant was seated somewhere in the middle. Ms. Strange told Deputy Donnan she had never seen the gun before and no one else had been in the apartment.

## III. DISCUSSION

Section 1170.126, subdivision (e) states: "An inmate is eligible for resentencing if: [¶] (1) The inmate is serving an indeterminate term of life imprisonment imposed pursuant to [sections 667, subdivision (e)(2), or 1170.12, subdivision (c)] for a conviction of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7. [¶] (2) The inmate's current sentence was not imposed for any of the offenses appearing in [sections 667, subdivision (e)(2)(C)(i) through (iii), or 1170.12, subdivision (c)(2)(C)(i) through (iii)]. [¶] (3) The inmate has no prior convictions for any of the offenses appearing in [sections 667, subdivision (e)(2)(C)(iv), or 1170.12 (c)(2)(C)(iv)]." Defendant is serving an indeterminate term of life imprisonment for a conviction of a nonserious, nonviolent felony. (§ 1170.126, subd. (e)(1).) According to the record before us, defendant has no prior conviction for any of the offenses appearing in sections 667, subdivision (e)(2)(C)(iv) or 1170.12, subdivision (c)(2)(C)(iv). (§ 1170.126, subd. (e)(3).) The probation officer's report reflects that defendant's prior convictions are for: forgery (§ 470); deadly weapon assault (§ 245); robbery (§ 211); controlled substance possession (Health & Saf. Code, § 11350, subd. (a)) in 1984, 1988 and 1990; controlled substance transportation or sale (Health & Saf. Code, § 11352); resisting arrest (§ 148); receiving stolen property (§ 496); felon in possession of a firearm (former § 12021, subd. (a)) in 1989, 1991; driving with a suspended license (Veh. Code, § 14601.1, subd. (a)) three times in 1994 and again in 1995; driving under the influence (Veh. Code, § 23152, subd.

4

(b)) three times in 1994; and false representation to a peace officer (§ 148.9, subd. (a)). The Attorney General does not contend otherwise.

It is true that a defendant may be guilty of being a felon in possession of a firearm without being armed with the weapon. (*People v. Burnes* (2015) 242 Cal.App.4th 1452, 1457-1458; *People v. Blakely* (2014) 225 Cal.App.4th 1042, 1052, 1054; *People v. Osuna* (2014) 225 Cal.App.4th 1020, 1029-1030; *People v. White* (2014) 223 Cal.App.4th 512, 524.) However, defendant is ineligible for resentencing if the record establishes that, "During the commission of the [felon in possession] offense, [he] . . . was armed with a firearm . . . ." (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii), 1170.126, subd. (e)(2); *People v. Hicks* (2014) 231 Cal.App.4th 275, 283-284; *People v. Brimmer* (2014) 230 Cal.App.4th 782, 797-799; *People v. Elder* (2014) 227 Cal.App.4th 1308, 1312-1314; *People v. Blakely, supra,* 225 Cal.App.4th at p. 1054; *People v. Osuna, supra,* 225 Cal.App.4th at pp. 1026-1027, 1029-1032; *People v. White, supra,* 223 Cal.App.4th at pp. 519, 524, 527.) Being armed with a firearm in the present context means having the weapon available for use, either offensively or defensively. (*People v. Bland* (1995) 10 Cal.4th 991, 997; *People v. Estrada* (2015) 243 Cal.App.4th 336, 341-342; *People v. Burnes, supra,* 242 Cal.App.4th at p. 1458 ; *People v. Brimmer, supra,* 230 Cal.4th at pp. 793-796; *People v. Blakely, supra,* 225 Cal.App.4th at pp. 1051-1052; *People v. Osuna, supra,* 225 Cal.App.4th at p. 1029; *People v. White, supra,* 223 Cal.App.4th at p. 524.) The arming need not be tethered to an offense other than being a felon in possession of a firearm. (*People v. Hicks* (2014) 231 Cal.App.4th 275, 283-284; *People v. Brimmer, supra,* 230 Cal.App.4th at p. 798-799; *People v. Osuna, supra,* 225 Cal.App.4th at pp. 1027, 1030-1032; *People v. White, supra,* 223 Cal.App.4th at p. 527.)

Moreover, in ruling on resentencing eligibility, the trial court was required to make a factual determination whether defendant was armed. (*People v. Estrada, supra,* 243 Cal.App.4th at pp. 340-341; *People v. Hicks, supra,* 231 Cal.App.4th at p. 285; *People v. Bradford* (2014) 227 Cal.App.4th 1322, 1331-1332.) In making that determination, the trial court could properly examine any relevant, reliable admissible portion of the trial record. (*People v. Estrada, supra,* 243 Cal.App.4th at pp. 340-341;

5

*People v. Hicks, supra,* 231 Cal.App.4th at pp. 279, 285-286; *People v. Brimmer, supra,* 230 Cal.App.4th at pp. 799-801; *People v. Bradford, supra,* 227 Cal.App.4th at p. 1338; *People v. Elder, supra,* 227 Cal.App.4th at p. 1317; *People v. Blakely, supra,* 225 Cal.App.4th at pp. 1048-1049, 1063; *People v. Osuna, supra,* 225 Cal.App.4th at p. 1030.)

Defendant argues *People v. Guerrero* (1988) 44 Cal.3d 343, 345, 355 and *People v. Trujillo* (2006) 40 Cal.4th 165, 179-181 preclude consideration of prior trial testimony during an eligibility determination. We respectfully disagree. As the Court of Appeal for Division Eight of this appellate district concluded in *Estrada,* "This type of review is exactly what *Guerrero . . .* allow[s], and in no way resembles relitigation of the case." (*People v. Estrada, supra,* 243 Cal.App.4th at p. 341.) Further, a trial court need only find a preponderance of the evidence supports the existence of a disqualifying factor. (*People v. Osuna, supra,* 225 Cal.App.4th at p. 1040; see also *People v. Esparza* (2015) 242 Cal.App.4th 726, 740-741 [preponderance of the evidence standard of proof applies to determination whether defendant presents an unreasonable risk of danger to the public]; *People v. Superior Court* (Kaulick) 215 Cal.App.4th 1279, 1301-1305 [same]). Our review is for substantial evidence. (*People v. Hicks, supra,* 231 Cal.App.4th at pp. 284, 286; *People v. Guilford* (2014) 228 Cal.App.4th 651, 661; *People v. Elder, supra,* 227 Cal.App.4th at p. 1317.)

Here, the record establishes Deputy Donnan knocked on defendant's apartment door. Deputy Donnan heard voices and scuffling noises. When the deputies entered the apartment, defendant was seated at a table near the kitchen. A loaded "fully-operational" .38-caliber revolver was in a kitchen cabinet. The weapon was on the lowest shelf, just inside the cabinet door, with the gun's handle facing out. Defendant was seated on a chair approximately 5 to 8 feet, and not more than 15 feet, from the cabinet. On these facts, the trial court, in determining defendant's resentencing eligibility, could reasonably conclude the handgun was available for his use defensively or offensively. Substantial evidence supported that finding. Accordingly, defendant is ineligible for resentencing.

6

## IV.  DISPOSITION

The order under review is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


TURNER, P.J.

We concur:


KRIEGLER, J


BAKER, J.