Filed 12/23/15

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

|  |  |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>          v.<br><br>MARIO R. ESTRADA,<br><br>     Defendant and Appellant. | B260573<br><br>(Los Angeles County<br>Super. Ct. No. GA025008) |

     APPEAL from a judgment of the Superior Court of Los Angeles County. William C. Ryan, Judge. Affirmed.

     Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

     Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Margaret E. Maxwell and Nathan Guttman, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant Mario Estrada appeals from a post conviction order denying his petition for resentencing as a second-strike offender under Proposition 36, the Three Strikes Reform Act of 2012. (Pen. Code, § 1170.126.)[1] The trial court denied the petition on the ground that defendant was armed with a firearm during the commission of his crime, an enumerated exclusion under Proposition 36, and thus he is not entitled to resentencing relief. (§§ 1170.126, subd. (e)(2), 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii).) Defendant argues that he pled guilty only to grand theft person and that all firearm related charges were dismissed; thus the court erred in reviewing the reporter's transcript of his preliminary hearing to make the finding that he was armed. We disagree and affirm.

## FACTS

The critical facts occurred on three days over 20 years ago. Since defendant pled guilty, we take our facts primarily from the preliminary hearing. On April 9, 1995, defendant entered a Radio Shack store and approached the employee at the sales counter. As the employee began to ring up defendant's purchase, defendant pulled out a gun and told the employee to hand over all of the money in the register. The employee handed defendant approximately $400 in a plastic bag and defendant left the store.

On April 16, 1995, defendant entered the same Radio Shack and waited until all of the customers were gone. Then he approached the employee behind the counter and took out a gun. Defendant told the employee to open the register, and once it was open, defendant removed approximately $200. The employee also gave defendant some car speakers and a small television from the back room. After tying up the two employees in the store, defendant left through the back exit.

---

[1] Undesignated statutory references will be to the Penal Code.

2

On July 27, 1995, defendant returned to the Radio Shack a third time. Defendant approached the employee behind the counter and took out a gun. Defendant told the employee to give him the cell phones in the display and the money from the cash register, about $200-$300; the employee complied. Then, defendant took the employee to the back room and demanded a car stereo. Defendant again left through the back door. After defendant fled, the employee called the police and a short time later police arrested defendant.

## PROCEDURAL HISTORY

Defendant was charged with fifteen counts, including four counts of robbery (§ 211), three counts of grand theft person (§ 487, subd. (c)), four counts of false imprisonment by violence (§ 236), three counts of commercial burglary (§ 459) and one count of felony evading with willful disregard. It was alleged with respect to all but the evading count, that defendant personally used a firearm within the meaning of section 12022.5, subdivision (a).

Before trial defendant pled guilty to one count of grand theft person in connection with the events that took place on April 9, 1995. All other charges and enhancements were dismissed. He was found, by his own admission, to have sustained two prior strikes for robbery. Defendant was sentenced to an indeterminate term of 25 years to life pursuant to the Three Strikes law.

In November 2012, California voters approved Proposition 36, which amended the Three Strikes law so that a defendant convicted of two prior strikes is subject to the indeterminate term only if the current third felony offense is defined as serious or violent. (§ 1170.126 subd. (b).) Proposition 36 also allowed those serving indeterminate life sentences for a third felony that is neither serious nor violent to seek court review of their indeterminate sentences and, subject to certain disqualifying exclusions or exceptions, obtain resentencing as if the defendant had only one prior serious or violent felony conviction. (*People v. Superior Court* (*Kaulick*) (2013) 215 Cal.App.4th 1279, 1286, 1293.)

3

In November 2012, defendant filed a petition for resentencing as a second-strike offender under Proposition 36. (§ 1170.126, subd. (b).) He argued that because his third felony conviction for grand theft person is neither serious nor violent he is eligible for resentencing. (§ 1170.126, subd. (e)(1).) The trial court found that he had made a prima facie showing of eligibility, and issued an order to show cause as to why the requested relief should not be granted.

The prosecution argued in opposition that the petition should be denied because defendant was armed at the time of his commitment offense and thus was ineligible for resentencing. (§§ 1170.126, subd. (e)(2), 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii).) The prosecutor also argued that even if defendant was eligible, he was unsuitable because he posed an unreasonable risk of danger to public safety. (§ 1170.126, subd. (f).) The prosecution submitted eight exhibits, including transcripts of some of the testimony, including that of Alfred Valladolid, that had been presented at defendant's October 19, 1995 preliminary hearing. Valladolid was the victim of the April 9, 1995 grand theft at the Radio Shack store to which defendant had pled. Valladolid testified in the preliminary hearing that defendant had used a gun.

In his reply, defendant argued that Proposition 36 requires a court to determine a petitioner's eligibility based on crimes for which the petitioner was convicted and any special allegations found to be true. Defendant argued further that any disqualifying factor under section 1170.126 must be pled and proven, which was not the case here. Nor did defendant admit any facts which would make him ineligible for Proposition 36 resentencing.

After a hearing, the trial court concluded it could consider the preliminary hearing transcript in denying Proposition 36 eligibility. Because evidence at the preliminary hearing showed that defendant used a gun in the commission of the grand theft, the court found defendant was ineligible under section 1170.12, subdivision (c)(2)(C)(iii), and denied defendant's petition.

4

1.      *Standard of Review*

As we are tasked with interpreting a statute, the issue before us presents a question of law, and we apply the de novo standard of review. (*People v. Bradford* (2014) 227 Cal.App.4th 1322, 1332.)

2.      *The Court Properly Found That Defendant Was Ineligible For Resentencing Based on Preliminary Hearing Testimony*

According to the plain language of Proposition 36, "[u]pon receiving a petition for recall of sentence under this section, the court shall determine whether the petitioner satisfies the criteria in subdivision (e)." (§ 1170.126, subd. (f).) There is no requirement that the disqualifying factors in subdivision (e) be pled and proved; rather it is the court that makes the determination. (*People v. White* (2014) 223 Cal.App.4th 512, 527.) A trial court "determining whether an inmate is eligible for resentencing under section 1170.126 may examine [all] relevant, reliable, admissible portions of the record of conviction to determine the existence of a disqualifying factor." (*People v. Blakely* (2014) 225 Cal.App.4th 1042, 1048-1049.) Preliminary hearing transcripts are properly considered part of the record of conviction. (*People v. Reed* (1996) 13 Cal.4th 217, 223, cert. den. 519 U.S. 873; see *White,* at p. 519, fn. 4 [facts were derived from the preliminary hearing transcript].)

Defendant contends that there is no support in the record for the finding that he was armed with a firearm during the commission of his commitment offense, relying on the California Supreme Court's decision in *People v. Guerrero* (1988) 44 Cal.3d 343. In *Guerrero*, the court held that the trier of fact may look to the entire record of conviction in order to determine the truth of a prior conviction allegation in the context of the Three Strikes law. (*Id.* at p. 355.) Defendant concedes that this is the rule, but argues that this rule does not permit the court to

review a transcript and find the fact based on testimony because *Guerrero* does not permit a "relitigation" of the circumstances of the crime. (*Ibid.*) In our view, defendant mischaracterizes *Guerrero*, which states that the trier may look to the record of conviction, but no further, effectively barring the prosecution from relitigating the circumstances of a prior crime. (*Ibid.*)

In this case, the trial court properly looked at the circumstances of this crime; it did not draw conclusions based on other offenses. The issue is whether or not defendant was armed when he committed grand theft person. The trial court considered the preliminary hearing transcripts, not going beyond the record of conviction, and found it true that defendant was armed with a firearm during the commission of the crime. This type of review is exactly what *Guerrero* and *White* allow, and in no way resembles relitigation of the case.

We reject defendant's argument that a court may not rely on a resentencing disqualification if it was not pled or proven at trial. A similar claim was rejected in *People v. Hicks* (2014) 231 Cal.App.4th 275. In *Hicks*, the defendant was convicted of being a felon in possession of a firearm. The trial court denied his petition for resentencing because the appellate court opinion from his conviction reported that he was armed with a firearm when he committed the offense, even though the arming enhancement had never been pled or proven. (*Id.* at p. 279.) The Court of Appeal affirmed, holding that "the express statutory language requires the trial court to make a factual determination that is not limited by a review of the particular statutory offenses and enhancements for which a petitioner's sentence was imposed." (*Id.* at p. 285.)

Defendant tries to distinguish these cases by the fact that the robbery charges and firearm use enhancements were dismissed as part of plea negotiations. He argues that somehow this means he was not armed. It does not. Under Proposition 36, the disqualifying factor, "armed with a firearm," means having a firearm available for offensive or defensive use during the offense. (*People v. Burnes* (Dec. 14, 2015, H040102) ___ Cal.App.4th __ [2015 WL 8734099, *3];

6

People *v. Osuna* (2014) 225 Cal.App.4th 1020, 1029.) One can have a firearm *available for use* during a grand theft without elevating the offense to a robbery. Similarly, one can be armed with a firearm without personally using it within the meaning of section 12022.5, subdivision (a). Thus, a finding that defendant was armed with a firearm is not a relitigation of the dismissed robbery counts or firearm use enhancement allegations.

Finally, defendant relies on *People v. Berry* (2015) 235 Cal.App.4th 1417. In *Berry*, the defendant originally pled guilty to possession of a fraudulent check and a forged driver's license. Other counts, including firearm charges, were dismissed. (*Id.* at p. 1421.) The trial court denied his petition for resentencing because it found that he was armed during the commission of his crime. (*Id.* at p. 1426.) But the firearms defendant possessed were found in a different location than the fraudulent documents; he was not armed with them when arrested in possession of the fraudulent documents. (*Id.* at p. 1421.) On appeal, the court reversed, holding that "the trial court went outside defendant's 'record of conviction' when it based its assessment of defendant's eligibility for resentencing on evidence of firearm possession that was wholly unrelated to the counts on which defendant was *convicted*." (*Id.* at p. 1427.) *Berry* is distinguishable from this case because the evidence of arming is not "wholly unrelated" to the grand theft person which defendant committed. In fact, the evidence shows that he was armed with a firearm *during* the commission of his offense. The dismissal of some of the charges against defendant does not bar the trial court from looking at the facts underlying the charges of which he was convicted. The trial court properly considered all of the facts in the preliminary hearing transcript as circumstances of the grand theft person.

## DISPOSITION

The decision denying defendant's petition and declaring him ineligible for resentencing is affirmed.


                                        RUBIN, J.

WE CONCUR:


         BIGELOW, P. J.


         FLIER, J.