Filed 3/15/16  P. v. Jones CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B260282 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA130389) |
| v. | |
| SAMUEL JAMES JONES, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Noah P. Hill and Jessica C. Owen, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Samuel James Jones, serving a third strike indeterminate life sentence of 27 years to life for committing assault by means of force likely to produce great bodily injury (former Pen. Code, § 245, subd. (a)(1)),[1] petitioned pursuant to section 1170.126, part of the Three Strikes Reform Act of 2012 (Proposition 36), for recall of his sentence and resentencing as a second strike offender.  The superior court denied the petition, finding Jones ineligible for resentencing because his sentence had been imposed for an offense during which he intended to cause great bodily injury to another person.  (§§ 1170.126, subd. (e)(2), 1170.12, subd. (c)(2)(C)(iii); 667, subd. (e)(2)(C)(ii).)  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

1. *Jones's Assault Conviction and Sentence*

In a nonpublished opinion affirming Jones's conviction, this court summarized the facts presented in support of the People's case:  "On January 10, 1996, about 10:00 p.m., Officers Rheault and Garrido responded to an apartment from which they heard a lot of yelling and screaming; when Officer Rheault heard [Jones] say, 'I am going to kill you, motherfucker,' he looked through the picture window and saw [Jones] standing behind Hurdie Marshall with his arm around her neck in a choke-hold; the officers demanded

---

[1]    At the time Jones was charged and tried, former Penal Code section 245, subdivision (a)(1), provided, "Any person who commits an assault upon the person of another with a deadly weapon or instrument other than a firearm or by any means of force likely to produce great bodily injury, shall be punished by imprisonment in the state prison for two, three, or four years, or in a county jail for not exceeding one year . . . ."  (Stats. 2004, ch. 494, § 1, p. 4040.)  Effective January 1, 2012 former subdivision (a)(1) of section 245 was divided into two separate subdivisions:  section 245, subdivision (a)(1), now prohibits assault with a deadly weapon or instrument other than a firearm, and new subdivision (a)(4) prohibits assault by means of force likely to produce great bodily injury.  (Stats. 2011, ch. 183, § 1.)  According to the Report of the Assembly Committee on Public Safety, the purpose of this change was to permit a more efficient assessment of a defendant's prior criminal history since an assault with a deadly weapon qualifies as a "serious felony" (see Pen. Code, § 1192.7, subd. (c)(1)), while an assault by force likely to produce great bodily injury does not.  (Assem. Com. on Pub. Safety, Analysis of Assem. Bill No. 1026 (2011-2012 Reg. Sess.) as introduced Feb. 18, 2011; see *People v. Brown* (2012) 210 Cal.App.4th 1, 5, fn. 1.)

Statutory references are to this Code.

entry; the apartment was in disarray and the breath of both defendant and Marshall smelled of alcohol. [Jones] was handcuffed while the officers conducted a patdown search to determine if he had any weapons. In [Jones's] presence, Marshall told the officers that 'she and her boyfriend [Jones] had been drinking and subsequently became involved in a verbal argument' and that 'the argument escalated to violence and the defendant hit her 3 or 4 times in the face and head with his fists and also smashed her head against a bed post [in] the bedroom'; she appeared to be in pain and was 'moaning and groaning.' There was a 1 1/2 inch laceration just below Marshall's swollen lower lip which was bleeding, a quarter-size indentation on her right temple, and a swollen left cheek. [Jones] was then arrested. Marshall was given emergency medical treatment (put in a cervical/spinal position cast with a seated collar around her neck and flat board and given oxygen) by paramedics and transported to the trauma center at UCLA." (*People v. Jones* (July 22, 1997, B104208 [nonpub. opn.] at \*2.)

With respect to the defense presented by Jones, we stated, "Montie Thomas lived in the same apartment complex as Hurdie Marshall and knew her and [Jones]; on January 10, 1996, he and his girlfriend were in Marshall's apartment with her and [Jones] until about 10:30 p.m.; they were all drinking Colt 45 malt liquor; Thomas was seated at the dining room table when he heard the VCR fall off the television in the bedroom and heard Marshall holler; he went into the bedroom and saw she had a bruise on her mouth; he then went outside to get [Jones]." (*People v. Jones*, *supra*, B104208 at \*3.)

In rebuttal, "Detective Michael Small testified that in the morning (8:30 a.m.) just before Montie Thomas took the stand, he had a conversation with him, and Thomas told him that 'Ms. Marshall fell in the living room on a table and that she cut her chin on the table.'" (*People v. Jones*, *supra*, B104208 at \*3.)

In a bifurcated trial the court found Jones had suffered two prior serious or violent felony convictions within the meaning of the three strikes law (§§ 667, subds. (b)-(d), 1170.12) for robbery and residential burglary. The court sentenced Jones as a third strike offender to an aggregate state prison term of 25 years to life, staying imposition of two section 667.5 enhancements. On appeal we held the trial court had erred in staying the

3

enhancements and ordered the judgment modified to reflect imposition of two consecutive one-year enhancements. In all other aspects we affirmed the judgment. (*People v. Jones*, *supra*, B104208 at *17-18.)

2. *The Petition for Recall of Jones's Sentence*

In August 2013 Jones petitioned for recall of his sentence under Proposition 36. After the court issued an order to show cause why the petition should not be granted, the People and Jones, represented by a deputy public defender, filed several briefs. In a second revised opposition to the petition the People asserted Jones was statutorily ineligible for resentencing because the evidence demonstrated he had intended to cause great bodily injury at the time he assaulted Marshall and posed an unreasonable risk of danger to public safety. In response Jones argued, in part, he had only been charged with a general intent crime and it was improper to "conflate a general intent with a specific intent crime."

In November 2014 the court found Jones statutorily ineligible for resentencing because he had intended to cause bodily injury during the commission of the offense (§ 1170.126, subd. (e)(2)) and denied the petition with prejudice. The court explained, "The facts presented show that [Jones] struck his victim multiple times with a closed fist causing injuries to the victim. There is no plausible evidence that the victim stumbled and fell at the time or shortly before the police arrived on the scene. Nor are the injuries consistent with an accident as their causation. While [Jones] may have been intoxicated at the time [citation], there is no evidence that he was so intoxicated that he could not form the intent to cause bodily injury. This intent can be established 'not only by the circumstances of the offense, but also from other circumstantial evidence.['] (*People v. Jung* (1999) 71 Cal.App.4th 1036, 1043.)"

## DISCUSSION

In November 2012 California voters approved Proposition 36, amending the three strikes law so that, in general, a defendant previously convicted of two strike offenses is subject to sentencing as a third strike offender only if his or her current offense is a serious or violent felony. (§ 1170.126, subd. (b).) There are, however, certain

4

disqualifying circumstances that preclude a defendant from benefitting from the Proposition 36 reforms. (§§ 667, subd. (e)(2)(C), 1170.12, subd. (c)(2)(C).) Proposition 36 also authorizes an individual serving a third strike sentence whose current sentence was not imposed for a serious or violent felony to petition for recall of the sentence and, subject to the same certain disqualifying exclusions or exceptions, to be resentenced as a second strike offender unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety. (*People v. Estrada* (2015) 243 Cal.App.4th 336, 339 (*Estrada*); see § 1170.126, subd. (f) ["[u]pon receiving a petition for recall of sentence under this section, the court shall determine whether the petitioner satisfies the criteria in subdivision (e)"].) "[T]he Reform Act is intended to provide resentencing relief to low-risk, nonviolent inmates serving life sentences for petty crimes, such as shoplifting and simple drug possession." (*People v. White* (2014) 223 Cal.App.4th 512, 526.)

Relying in part on *People v. Guerrero* (1988) 44 Cal.3d 343, Jones contends it was improper for the court to find he had intended to inflict great bodily injury during commission of the commitment offense in determining his eligibility for resentencing because the People elected not to charge him with inflicting great bodily injury (§ 12022.7, subd. (a)) and the jury made no such finding. Jones argues *Guerrero*, which held the trial court may examine the entire record of conviction to determine the truth of a prior conviction allegation for purposes of the three strikes law, does not permit the court to essentially relitigate the circumstances of the crime and make factual findings. Rather, the court may only examine the record to determine the nature or basis of the crime for which the defendant was convicted. (See *People v. Trujillo* (2006) 40 Cal.4th 165, 179-180.)

The argument Jones makes has been repeatedly rejected. As our colleagues in Division Eight of this Court recently explained, "There is no requirement that the disqualifying factors in section 1170.126, subdivision (e) be pled and proved; rather it is the court that makes the determination." (*Estrada*, *supra*, 243 Cal.App.4th at p. 340; see, e.g., *People v. Chubbuck* (2014) 231 Cal.App.4th 737, 748 ["where a defendant was

5

sentenced under the Three Strikes law prior to the Reform Act, a trial court may deny resentencing relief under section 1170.126, subdivision (e)(2) if it finds the defendant 'intended to cause great bodily injury' during the commission of his or her original offense [citations], even if the accusatory pleading did not allege that the defendant intended to cause great bodily injury during the commission of that offense"]; *People v. White*, *supra*, 223 Cal.App.4th at p. 527 ["what White refers to as the pleading and proof requirement plainly is a part of only the *prospective* part of the Reform Act, which governs the *sentencing* of a *defendant* with 'two or more prior serious and/or violent felony convictions' who has suffered a third felony conviction; it is *not* a part of section 1170.126, the *retrospective* part of the Reform Act that governs a petition for resentencing brought by an *inmate* already serving a life sentence under the Three Strikes law"].)  A trial court "determining whether an inmate is eligible for resentencing under section 1170.126 may examine [all] relevant, reliable, admissible portions of the record of conviction to determine the existence of a disqualifying factor." (*People v. Blakely* (2014) 225 Cal.App.4th 1042, 1048-1049; accord, *Estrada*, at p. 340.)

The court properly reviewed the record and found Jones ineligible for resentencing based on the circumstances of the crime; "it did not draw conclusions based on other offenses" (*Estrada*, *supra*, 243 Cal.App.4th at p. 341).

### DISPOSITION

The order denying the petition for recall of sentence is affirmed.


PERLUSS, P. J.


We concur:



ZELON, J.                    SEGAL, J.


6