Filed 3/16/16  P. v. Sowells CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B267408 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA020987) |
| v. | |
| MAURICE SOWELLS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, William Ryan, Judge.  Affirmed.

California Appellate Project, Jonathan B. Steiner, Executive Director, Richard B. Lennon for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Noah P. Hill and Viet H. Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.

In 1995, a jury convicted defendant and appellant Maurice Sowells of possession of a short-barreled shotgun (Pen. Code, § 12020, subd. (a)[1]), two counts of possession of a firearm by a felon (§ 12021, subd. (a)(1)), and possession of marijuana for sale (Health & Saf. Code, § 11359). The trial court found true the allegations that defendant had two prior serious felony convictions within the meaning of the "Three Strikes" law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and had served three prior prison terms within the meaning of section 667.5, subdivision (b). The trial court sentenced defendant to 25 years to life on each of his convictions, but stayed execution of sentence on defendant's section 12021 convictions and his Health and Safety Code section 11359 conviction pursuant to section 654. In defendant's appeal from that judgment, we ordered stricken one of defendant's section 12021 convictions, and remanded the matter for the trial court to decide whether to exercise its discretion to strike one or both of defendant's prior conviction allegations.

Following the passage of Proposition 36, the Three Strikes Reform Act of 2012, defendant filed a petition requesting recall of his sentences pursuant to section 1170.126. The trial court denied the petition, finding defendant was ineligible for relief because he was armed with a firearm during the commission of the offenses within the meaning of sections 667, subdivision (e)(2)(C)(iii) and section 1170.126, subdivision (e)(2). Defendant appeals from the denial of his petition. We affirm.

## BACKGROUND

In our prior opinion, we summarized the facts of defendant's offenses as follows: "During an April 1994 probation search of appellant's residence, Los Angeles County Sheriff's Deputy Ronald Napue found marijuana, an AR-15 rifle, a sawed-off shotgun and ammunition. Based on the quantity of the marijuana and the way it was packaged, Deputy Napue believed that the marijuana was possessed for purposes of sale."

---

**1** All statutory citations are to the Penal Code unless otherwise noted.

DISCUSSION

Defendant contends the trial court erred in denying his section 1170.126 petition because the trial court improperly went beyond the record of conviction in finding he was armed during the commission of the offenses. That is, defendant argues, the trial court relied on a fact not found by the jury in support of an element of any of his offenses. With respect to his possession of a firearm by a felon offense, he also contends a trial court considering a petition for resentencing may not find the defendant was armed during the commission of the offense if the offense was possession of a firearm by a felon.

## I. Standard of Review

We review de novo issues of statutory interpretation. (*People v. Bradford* (2014) 227 Cal.App.4th 1322, 1332.)

## II. Application of Relevant Principles

"In November 2012, California voters approved Proposition 36, which amended the Three Strikes law so that a defendant convicted of two prior strikes is subject to the indeterminate term only if the current third felony offense is defined as serious or violent. (§ 1170.126 subd. (b).) Proposition 36 also allowed those serving indeterminate life sentences for a third felony that is neither serious nor violent to seek court review of their indeterminate sentences and, subject to certain disqualifying exclusions or exceptions, obtain resentencing as if the defendant had only one prior serious or violent felony conviction. [Citation.]" (*People v. Estrada* (2015) 243 Cal.App.4th 336, 339.)

An inmate is excluded from Proposition 36 resentencing if he was armed during the commission of the current offense. (§§ 1170.126, subd. (e)(2); 667, subd. (e)(2)(C)(iii); 1170.12, subd. (c)(2)(C)(iii).)[2] "'[A]rmed with a firearm' has been

---

[2] Section 1170.126, subdivision (e)(2) provides an inmate is ineligible for resentencing under Proposition 36 if: "The inmate's current sentence was not imposed for any of the offenses appearing in clauses (i) to (iii), inclusive, of subparagraph (C) of

statutorily defined and judicially construed to mean having a firearm available for use, either offensively or defensively.  [Citations.]” (*People v. Osuna* (2014) 225 Cal.App.4th 1020, 1029.)  “The California Supreme Court has explained that ‘“[i]t is the availability—the ready access—of the weapon that constitutes arming.”’ (*People v. Bland* (1995) 10 Cal.4th 991, 997 [43 Cal.Rptr.2d 77, 898 P.2d 391] (*Bland*), quoting *People v. Mendival* (1992) 2 Cal.App.4th 562, 574 [3 Cal.Rptr.2d 566].)” (*People v. White* (2014) 223 Cal.App.4th 512, 524.)  Where “the record establishes that a defendant convicted under the pre-Proposition 36 version of the Three Strikes law as a third strike offender of possession of a firearm by a felon was armed with the firearm during the commission of that offense, the armed-with-a-firearm exclusion applies and the defendant is not entitled to resentencing relief under [Proposition 36].” (*Id.* at p. 519.)

“[A] disqualifying factor contained in section 667, subdivision (e)(2)(C)(iii) or section 1170.12, subdivision (c)(2)(C)(iii) need not be pled and proved in the sense of being specifically alleged in an accusatory pleading and expressly either found by the trier of fact at trial of the current offense or admitted by the defendant.” (*People v. Blakely* (2014) 225 Cal.App.4th 1042, 1058.)  In determining whether an inmate is eligible for resentencing under Proposition 36, a trial court “is not limited to a consideration of the elements of the current offense and the evidence that was presented at the trial (or plea proceedings) at which the defendant was convicted.  Rather, the court may examine relevant, reliable, admissible portions of the record of conviction.” (*Id.* at pp. 1048, 1063; *People v. Estrada, supra,* 243 Cal.App.4th at pp. 340-341 [a trial court may examine the preliminary hearing transcript in determining Proposition 36 eligibility].)

---

paragraph (2) of subdivision (e) of Section 667 or clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12.”

In identical language, sections 667, subdivision (e)(2)(C)(iii) and 1170.12, subdivision (c)(2)(C)(iii) provide:  “During the commission of the current offense, the defendant used a firearm, *was armed with a firearm* or deadly weapon, or intended to cause great bodily injury to another person.”  (Italics added.)

### A. *The Trial Court's Examination of the Record of Conviction*

In connection with the hearing on defendant's petition for recall of sentence, the prosecution presented the reporter's transcript from defendant's trial. The reporter's transcript showed Deputy Napue conducted a probation search of defendant's house. At the time of the search, defendant was the only person in the house. Deputy Napue asked defendant which room was his. Defendant pointed to a room which the deputy searched. Deputy Napue found a baggie that contained numerous smaller baggies of marijuana in a dresser drawer as well as an AR-15 rifle and sawed-off shotgun under the bed in defendant's bedroom. In ruling on defendant's petition for recall of sentence, the trial court found, "Before the police showed up those weapons were under [defendant's] bed. He was in possession of it. It would have been readily available to him. He could have come to the door with guns blazing." The trial court denied defendant's petition, ruling defendant was ineligible for resentencing under Proposition 36 because he was armed with a firearm that was readily available for offensive or defensive use.

Defendant contends the trial court was limited to a review of the facts that established the elements of the offenses. Thus, defendant argues, the trial court erred in finding defendant was armed when he committed those offenses because being armed was not an element of any of the offenses.

As stated above, the disqualifying exclusions in section 667, subdivision (e)(2)(C)(iii) and section 1170.12, subdivision (c)(2)(C)(iii) do not have to be based on facts found by the jury. (*People v. Blakely, supra,* 225 Cal.App.4th at 1058.) A trial court may examine all "relevant, reliable, [and] admissible portions of the record of conviction" in determining whether a disqualifying exclusion exists. (*Id.* at pp. 1048, 1063; *People v. Estrada, supra,* 243 Cal.App.4th at pp. 340-341.)

Accordingly, the trial court was not strictly limited to a consideration of the evidence that established the elements of the offenses, and properly reviewed the reporter's transcript for evidence relevant to a determination of whether defendant was armed when he committed the offenses. (*People v. Blakely, supra,* 225 Cal.App.4th at pp. 1048, 1063; *People v. Estrada, supra,* 243 Cal.App.4th at pp. 340-341.) Because the

record reflects defendant had a firearm "available for use, either offensively or defensively" when Deputy Napue searched his house, the trial court did not err in denying defendant's petition for recall of sentence. (*People v. Osuna, supra,* 225 Cal.App.4th at p. 1029; §§ 1170.126, subd. (e)(2); 667, subd. (e)(2)(C)(iii); 1170.12, subd. (c)(2)(C)(iii).)

      B.     *"Arming" and the Possession of a Firearm by a Felon Offense*

Defendant argues a trial court considering a petition for resentencing may not find the defendant was armed during the commission of an offense if the only "armed" offense was possession of a firearm by a felon. He claims the arming must be "tethered" to a different underlying offense and must facilitate the commission of that offense. Defendant points out arming does not facilitate the offense of possession of a firearm by a felon.

We agree with the numerous cases that defendant acknowledges have rejected his argument. (*People v. Hicks* (2014) 231 Cal.App.4th 275, 283-284 [Proposition 36's "[d]uring the commission of" provision created a required "temporal nexus between the arming and the underlying felony, not a facilitative one"]; *People v. Brimmer* (2014) 230 Cal.App.4th 782, 797-799 [concluding the "defendant was armed with a firearm during the commission of his commitment offenses for possession of a firearm by a felon and possession of a short-barreled shotgun"]; *People v. Elder* (2014) 227 Cal.App.4th 1308, 1312-1314; *People v. Osuna, supra,* 225 Cal.App.4th at pp. 1030-1032; *People v. Blakely, supra,* 225 Cal.App.4th at p. 1048; *People v. White, supra,* 223 Cal.App.4th at p. 519.)

6

**DISPOSITION**

The order is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KUMAR, J.*

We concur:

TURNER, P. J.

BAKER, J.

---

\* Judge of the Superior Court of the County of Los Angeles, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.