Filed 3/17/16  P. v. Young CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B265301 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA076400) |
| v. | |
| DESHON YOUNG, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  William C. Ryan, Judge.  Affirmed.

Richard B. Lennon, under appointment of the California Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Noah P. Hill and Viet H. Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant and appellant Deshon Young appeals from the trial court's denial of his petition to recall his sentence for possession of a firearm under Penal Code sections 1170.126, subdivision (e)(2), 667, subdivision (e)(2)(C)(iii), and 1170.12, subdivision (c)(2)(C)(iii).[1] Young contends the voters did not intend, and the statute is not actually written, to impose ineligibility for possession of a firearm. A body of case law, however, refutes his claim. We affirm.

## BACKGROUND

On August 15, 2004, armed gang members confronted and nonfatally shot Robin Newton and Willie Davis outside an apartment building in Compton. (*People v. Deshon Young* (July 27, 2006, B183869, at p. 2) [nonpub. opn.].) Law enforcement subsequently executed a search warrant in connection with these shootings on an apartment where Young was staying. (*Ibid.*) Young was in his bedroom when SWAT stormed the apartment. After law enforcement arrested Young, they searched his room and found a gun on his bed, under the covers. A jury convicted Young of possessing a firearm as a felon in violation of section 12021, subdivision (a)(1). Young filed a petition in propria persona for recall of his sentence in 2012, but the court denied the petition without prejudice for lack of service on the district attorney. On September 19, 2013, Young refiled his petition for recall with the assistance of counsel. After a hearing, the court denied Young's petition with prejudice under section 1170.126, subdivision (e)(2), finding he was ineligible for resentencing because he was "armed" under sections 667, subdivision (e)(2)(C)(iii) and 1170.12, subdivision (c)(2)(C)(iii). Young appealed.

## DISCUSSION

On appeal, Young argues that the voters did not intend, and section 1170.126 is not actually written, to deny resentencing eligibility under the "armed" exception where, as here, arming is an element of the offense. Young claims "arming" must occur during a separate offense.

---

[1] Undesignated statutory references are to the Penal Code.

A body of case law refutes these arguments.  (See *People v. Brimmer* (2014) 230 Cal.App.4th 782, 805–806; *People v. Elder* (2014) 227 Cal.App.4th 1308, 1312; see also *People v. White* (2016) 243 Cal.App.4th 1354, 1361–1362; *People v. Hicks* (2014) 231 Cal.App.4th 275, 283–284; *People v. Osuna* (2014) 225 Cal.App.4th 1020, 1035; *People v. White* (2014) 223 Cal.App.4th 512, 519.)  "[U]nlike section 12022, which requires that a defendant be armed '*in* the commission of' a felony for additional punishment to be imposed (italics added), the [section here] disqualifies an inmate from eligibility for lesser punishment if he or she was armed with a firearm '*during* the commission of' the current offense (italics added).  'During' is variously defined as 'throughout the continuance or course of' or 'at some point in the course of.'  (Webster's 3d New Internat. Dict. (1986) p. 703.)  In other words, it requires a temporal nexus between the arming and the underlying felony, not a facilitative one."  (*Osuna*, at p. 1032.)  Without a facilitative nexus requirement, the court did not need to find an additional separate offense to which the "arming" was tethered; it was enough, considering the temporal element only, that the arming occurred during the possession.

A "person convicted of being a felon in possession of a firearm is not automatically disqualified from resentencing by virtue of that conviction[, however]; such a person is disqualified only if he or she had the firearm available for offensive or defensive use."  (*People v. Blakely* (2014) 225 Cal.App.4th 1042, 1048 (*Blakely*); accord, *People v. Estrada* (2015) 243 Cal.App.4th 336, 342; *People v. Burnes* (2015) 242 Cal.App.4th 1452, 1458.)  The prosecution need not "'inexorably establish,'" however, that the defendant actually physically possessed the weapon by submitting eyewitness testimony placing the weapon in the defendant's hands to prove availability.  (*People v. White*, *supra*, 243 Cal.App.4th at p. 1361.)  Instead, the defendant's knowledge of a weapon and "'"ready access"'" to it suffice.  (*Id*. at pp. 1361–1362, quoting *People v. Bland* (1995) 10 Cal.4th 991, 997.)  Here, the prosecution submitted testimony placing Young in his room when the gun was on his bed.  Young therefore had ready access to the gun, and the jury's finding he possessed it implies he knew of the gun's presence.  (*People v. White*, *supra*, 243 Cal.App.4th at p. 1361 [holding that a jury's determination

defendant "possessed" a gun "necessarily implie[d]" his knowledge of it].) This was sufficient evidence for the jury to conclude Young was "armed."

As to the voters' intent, "It is clear the electorate's intent was not to throw open the prison doors for *all* third strike offenders whose current convictions were not for serious or violent felonies, but only for those who were perceived as nondangerous or posing little or no risk to the public. A felon who has been convicted of two or more serious and/or violent felonies in the past, and most recently had a firearm readily available for use, simply does not pose little or no risk to the public. '[T]he threat presented by a firearm increases in direct proportion to its accessibility. Obviously, a firearm that is available for use as a weapon creates the very real danger it will be used.' (*People v. Mendival* (1992) 2 Cal.App.4th 562, 573.)" (*Blakely*, *supra*, 225 Cal.App.4th at p. 1057.)

The "arming" exception can and does apply to section 12021 possession offenses, and the trial court properly applied it here.

## DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED.

LUI, J.

We concur:

ROTHSCHILD, P. J.

CHANEY, J.

4