Filed 4/19/16  P. v. Miller CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>HUTTON MILLER,<br><br>Defendant and Appellant. | D068195<br><br><br><br>(Super. Ct. No. SCE195569) |

APPEAL from an order of the Superior Court of San Diego County, David J. Danielsen, Judge.  Affirmed.

Jill M. Klein, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A Natasha Cortina, Annie Featherman Fraser and Seth M. Friedman, Deputy Attorneys General, for Plaintiff and Respondent.

Hutton Miller filed a petition for resentencing under Proposition 36. The trial court denied the petition on the grounds that he was ineligible for resentencing because he was "armed with a firearm" during the commission of his current offense. On appeal, defendant contends the court erred in denying his petition to reduce his sentence. We affirm the order.

FACTUAL AND PROCEDURAL BACKGROUND

In 1999, the police executed a search warrant at defendant's home arising from allegations that he committed sex crimes against multiple victims. When defendant answered his door and stepped outside, the police arrested him. Defendant told the police that he had a handgun on his bedroom nightstand for self-defense. The police then found a loaded .357-magnum handgun on defendant's nightstand. Defendant later pled guilty to being a felon in possession of a firearm (former Pen. Code, § 12021, subd. (a)(1))[1] and admitted that he had three prior serious or violent felony convictions (§§ 667, subd. (e)(2), 1170.12, subd. (c)(2)). Under the three strikes law, the trial court sentenced defendant to an indeterminate term of 25 years to life in state prison.

After voters approved Proposition 36, the Three Strikes Reform Act of 2012 (the Act), defendant filed a petition under section 1170.126, subdivision (b), requesting that the court resentence him to a determinate term. The trial court denied defendant's

---

[1] Penal Code section 12021, subdivision (a)(1), has since been repealed and reenacted without substantive change as section 29800, subdivision (a)(1). All statutory references are to the Penal Code.

2

petition on the basis that he was "armed with a firearm" during the commission of his third strike offense.

## DISCUSSION

On appeal, defendant argues the trial court erred in denying his resentencing petition because (1) the "armed" exclusion requires an additional offense be tethered to the current offense; (2) the court improperly relied on the record of conviction to make its determination; (3) the record does not support a finding that defendant was "armed" within the meaning of the Act; and (4) the People did not plead and prove the "armed" exclusion. For reasons stated below, we find that none of defendant's claims have merit.

### I. *Standards of Review*

Questions of statutory interpretation are subject to de novo review on appeal. (*People v. Bradford* (2014) 227 Cal.App.4th 1322, 1332.) We review a trial court's factual findings for substantial evidence. (*People v. Johnson* (1980) 26 Cal.3d 557, 578.)

### II. *Overview of Proposition 36*

In November 2012, California voters approved Proposition 36, which amended sections 667 and 1170.12 and added section 1170.126. (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 167-168 (*Yearwood*).) Under section 1170.126, the three strikes law was changed by reserving life sentences for cases where the current crime is a serious or violent felony or the prosecution has pled and proved an enumerated disqualifying factor. (*Ibid.*) In all other cases, the recidivist will be sentenced as a second strike offender. (*Ibid.*; §§ 667, 1170.12.)

3

The Act also created a postconviction release proceeding whereby a prisoner serving an indeterminate life sentence under the three strikes law for a third conviction that is not a serious or violent felony may be resentenced as a second strike offender. Resentencing relief is subject to three specified eligibility criteria as well as certain disqualifying exclusions. The court may nonetheless deny relief if it determines that the resentencing would pose an unreasonable risk of danger to public safety. (§ 1170.126; *Yearwood, supra*, 213 Cal.App.4th at pp. 167-168.)

Here, the parties agree defendant's commitment offense for being a felon in possession of a firearm was not a serious or violent felony. At issue in this appeal is the "armed with a firearm" disqualification exclusion, which renders a defendant ineligible for resentencing if, "[d]uring the commission of the current offense, the defendant . . . was armed with a firearm. . . ." (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii).)

### III. *A Tethering Offense Is Not Required*

Defendant first contends the language " 'during the commission of the current offense' " in the Act requires that the arming be tethered to an additional offense which does not include possession. However, our court previously rejected this claim in *People v. White* (2014) 223 Cal.App.4th 512, 527 (*White*). Other courts have agreed. (See *People v. Brimmer* (2014) 230 Cal.App.4th 782, 797; *People v. Osuna* (2014) 225 Cal.App.4th 1020, 1032; *People v. Hicks* (2014) 231 Cal.App.4th 275, 283-284 (*Hicks*).)

We reaffirm that a tethering offense is not required; it is sufficient that defendant's conviction offense was for the unlawful possession of a firearm.

Defendant argues that *People v. Bland* (1995) 10 Cal.4th 991 requires a facilitative nexus between the arming and the underlying felony and that being armed with a firearm does not facilitate unlawful possession of the firearm. Defendant's reliance on *Bland* is misplaced. *Bland*, unlike here, involved a section 12022 arming enhancement, which requires a defendant to have a firearm available for use to further the commission of the underlying felony to qualify as being "armed." (*Bland*, at p. 999.) "However, unlike section 12022, which requires that a defendant be armed '*in* the commission of' a felony for additional punishment to be imposed . . . , the Act disqualifies an inmate from eligibility for lesser punishment if he or she was armed with a firearm '[*d*]*uring* the commission of' the current offense . . . ." (*Hicks, supra*, 231 Cal.App.4th at pp. 283-284.) The Act's use of the word "during" requires a temporal nexus, not a facilitative one. (*Id.* at p. 284.)

The temporal nexus requirement is met here because the arming and the possession were simultaneous. Defendant was home when police found the loaded pistol on his bedroom nightstand, and defendant stated the gun was for self-defense. Thus, defendant unlawfully possessed a weapon with which he was also armed because it was available to him for defensive use.

5

## IV. *The Trial Court Properly Relied on the Record of Conviction*

Defendant next asserts the trial court erred in determining he was ineligible for relief because it looked past the adjudicated elements of the offense and, instead, relied on the record of conviction to find he was "armed" during the commission of the offense. We reject this contention, as it is well settled that a trial court may look to the entire record of conviction to determine if a defendant was "armed." (See, e.g., *Hicks, supra*, 231 Cal.App.4th at p. 285 [the trial court's factual determination is not limited by a review of the particular statutory offenses for which a defendant's sentence was imposed]; *White, supra*, 223 Cal.App.4th at pp. 524-525; *People v. Bradford, supra*, 227 Cal.App.4th at p. 1327; *People v. Blakely* (2014) 225 Cal.App.4th 1042, 1048-1049; *People v. Estrada* (2015) 243 Cal.App.4th 336, 340.)

Here, the trial court looked to the preliminary hearing transcript to determine whether defendant was "armed" within the meaning of section 1170.126, subdivision (e)(2). Because a preliminary hearing transcript is part of the record of conviction, the trial court's reliance on it was proper. (See *People v. Reed* (1996) 13 Cal.4th 217, 223 [holding that a preliminary hearing transcript is part of the record of conviction]; *People v. Estrada, supra*, 243 Cal.App.4th at p. 340 [trial court's reliance on preliminary hearing transcript was appropriate because it was part of the record of conviction].)

We reject defendant's assertion that a trial court's reliance on the record of conviction is "no longer tenable" under *Descamps v. United States* (2013) __ U.S. __ [133 S.Ct. 2276]. Defendant insists that under *Descamps*, the trial court violated his

6

Sixth Amendment and due process rights when it found him ineligible for relief because it found new facts from the record of conviction that were not adjudicated.

In *Descamps*, the United States Supreme Court considered whether *Apprendi*[2] applied to sentencing enhancements under the Armed Career Criminal Act (ACCA) (18 U.S.C., § 924(e)). (*Descamps, supra*, 133 S.Ct. 2276.) The defendant in *Descamps* faced a minimum sentence of 15 years because he had a prior burglary conviction in California. However, the California burglary statute was broader than the burglary definition set forth under the ACCA, which requires an additional element. To determine whether the additional element was satisfied, the district court looked to the facts contained in the transcript of his plea colloquy. Finding the element satisfied based on the prosecutor's statements, the court increased the defendant's sentence. (*Descamps, supra*, 133 S.Ct. at p. 2282.)

The *Descamps* court held the district court's factfinding of priors based on the record of conviction violated the Sixth Amendment under *Apprendi*, noting that such factfinding would "raise serious Sixth Amendment concerns if it went beyond merely identifying a prior conviction." (*Descamps, supra*, 133 S.Ct. at p. 2288.)

However, *Apprendi*, and by extension, *Descamps*, are not applicable in the context of a petition for resentencing under section 1170.126. A determination that a prior

---

2     In *Apprendi*, the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (*Apprendi v. New Jersey* (2000) 530 U.S. 466, 490.)

conviction qualifies as a strike *increases* punishment.  However, a determination that a petitioner is eligible for resentencing does not; section 1170.126 is an ameliorative provision that can only *decrease* a defendant's sentence.

Accordingly, we hold that the court did not err in relying on the record of conviction, namely, the preliminary hearing transcript, to determine whether defendant was "armed" under the Act.

V.  *The Record of Conviction Supports the Finding that Defendant Was "Armed"*

Defendant contends the record did not support a finding he was "armed" with a firearm.  We disagree.

Courts construe "armed with a firearm" within the meaning of the Act as having a firearm available for use, either offensively or defensively.  (*People v. Brimmer, supra*, 230 Cal.App.4th at p. 795.)  As our Supreme Court has explained, " '[i]t is the availability—the ready access—of the weapon that constitutes arming.' [Citation.]" (*People v. Bland, supra*, 10 Cal.4th at p. 997.)

A defendant can be "armed with a firearm," so as to be disqualified from resentencing under the Act, even if he did not have the firearm on his person.  (*People v. Superior Court (Martinez)* (2014) 225 Cal.App.4th 979, 985 [affirming the defendant was "armed" when he was in his kitchen at the time police found one shotgun in a bedroom and other firearms in a closet]; see *People v. Superior Court (Cervantez)* (2014) 225 Cal.App.4th 1007, 1011-1012 [affirming that the defendant was "armed" when he was

8

standing inside his doorway and police discovered a loaded gun inside the defendant's wife's purse in an adjacent bedroom].)

In *People v. Elder* (2014) 227 Cal.App.4th 1308, the defendant was outside his front door when police executed a search warrant inside his apartment and found one loaded gun on a shelf of an entertainment center and another gun in an unlocked safe in a bedroom. (*Id.* at p. 1317.) The defendant's commitment offense was for being a felon in possession of a firearm. (*Id.* at p. 1311.) The court affirmed the defendant was "armed" and therefore ineligible for resentencing under the Act. (*Id.* at p. 1317.)

Additionally, in *Hicks, supra*, 231 Cal.App.4th 275, the defendant was by the front gate of an apartment complex when police searched the apartment of the person defendant had visited. Inside, officers found a backpack containing a loaded pistol. (*Id.* at p. 280.) The defendant was sentenced under the three strikes law for being a felon in possession of a firearm. (*Id.* at p. 279.) The court affirmed the denial of the defendant's petition for resentencing under the Act because he was "armed with a firearm." (*Id.* at p. 284.)

Here, the trial court concluded from the record of conviction that defendant was armed. When the police knocked on defendant's door and served the search warrant, defendant stepped outside his house. Defendant lived alone. After defendant disclosed that he had a gun inside for self-defense, the police found defendant's loaded .357-magnum pistol on his bedroom nightstand. This evidence is sufficient to support the court's finding that the gun was readily accessible to defendant as to constitute being

9

"armed" under the Act. Thus, defendant's commitment offense was not an eligible offense for resentencing.

VI. *The Prosecutor Did Not Need to Plead and Prove the "Armed" Exclusion*

Defendant's final contention is that the prosecutor was required to plead and prove that defendant was "armed with a firearm" before he could be disqualified from relief under the Act. However, we previously considered and rejected this precise issue in *People v. White, supra*, 223 Cal.App.4th at pages 526-527. We reasoned that "nothing in the language of section 1170.126[, subdivision ](e)(2) or any of the other subdivisions of section 1170.126 governing an inmate's petition for resentencing relief under the Reform Act references the plead-and-prove language." (*Ibid.*; see *People v. Bradford, supra*, 227 Cal.App.4th 1322; *People v. Elder, supra*, 227 Cal.App.4th at pp. 1314-1315.) The pleading and proof language applies only to the *prospective* part of section 1170.126, not the *retrospective* part of the Act that governs an inmate's petition for resentencing. (*White*, at p. 527.)

DISPOSITION

The order is affirmed.

                                                                HALLER, J.

WE CONCUR:


NARES, Acting P. J.


McDONALD, J.

11