Filed 7/20/16  P. v. Howard CA2/4
## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>YVES MONTANA HOWARD,<br><br>    Defendant and Appellant. | B268558<br><br>(Los Angeles County<br>Super. Ct. No. YA027374) |

APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Noah P. Hill and William H. Shin, Deputy Attorneys General, for Plaintiff and Respondent.

———————————

Defendant Yves Montana Howard appeals from an order dismissing his petition to recall his sentence and for resentencing under Proposition 36, the Three Strikes Reform Act of 2012. (Pen. Code, § 1170.126.)[1] We affirm the order.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts of the current offense are taken from our previous unpublished opinion. (*People v. Howard* (Dec. 17, 1997, B106052).)

Defendant was charged with possession of a firearm by a felon (former § 12021, subd. (a)(1), now found at § 29800, subd. (a)). He was alleged to have suffered two prior strike convictions (§§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i)) and to have served prior prison terms for robbery in 1984, armed robbery in 1989, and possession, manufacture or sale of a dangerous weapon in 1994. (§ 667.5, subd. (b)).

The prosecution's evidence at trial showed that on January 27, 1996, Sergeant Randall Dickey and Deputy Richard Green of the Los Angeles County Sheriff's Department were driving in a marked patrol car on West 105th Street. The officers saw defendant standing with a group of people and holding what appeared to be a semi-automatic handgun. As the officers approached, defendant tucked the gun into his waistband and ran away. Dickey ran after defendant and apprehended him. Dickey recovered a loaded gun that defendant had tossed during the chase.

The defense theory was that defendant's momentary possession of the gun was not a violation of the statute. Through cross-examination of Dickey, the defense elicited a statement made by defendant on the night of the arrest: that he had been handed a gun as the patrol car arrived, and because he did not want to be caught with it, he had panicked and fled. Evidence corroborating defendant's version of events was provided by Theresa Hopkins, a trial witness, and Jerome Webb, an unavailable witness whose statement was presented by stipulation.

---

[1] All further undesignated statutory references are to the Penal Code.

The jury found defendant guilty of the section 12021 violation, and found the prior strike and prior prison term allegations to be true. The trial court denied defendant's motion to strike his prior strike convictions (*People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497), but elected not to sentence defendant on the prior prison term allegations. The court imposed a sentence of 25 years to life. We affirmed the conviction and sentence in our previous opinion.

Proposition 36 was approved by the voters in November 2012. It amended the Three Strikes law by limiting the imposition of an indeterminate life sentence to those defendants whose third felony is defined as serious or violent under sections 667.5 or 1192.7. The initiative allowed those serving a life sentence for a nonserious or violent third felony to petition to recall their sentence and for resentencing. (§ 1170.126, subd. (b).)

Defendant petitioned to recall his sentence and for resentencing under Proposition 36 in February 2013. He requested that his indeterminate life sentence be recalled for resentencing. The trial court found a prima facie showing of eligibility, and issued an order to show cause as to why the petition should not be granted.

The People argued that defendant was ineligible as a result of being armed during the 1996 offense. The trial transcript and our opinion from the B106052 appeal were presented to the trial court. The People argued, alternatively, that defendant's criminal history and prison disciplinary record showed that he poses an unreasonable risk of danger to public safety and thus is not suitable for resentencing. The People asserted that this was defendant's fourth felony conviction within a 12-year period; he has a prison classification score of 19; he is affiliated with a prison gang; and he has not taken advantage of prison rehabilitation and educational programs.

Defendant argued that possession of a firearm is not a disqualifying offense; he could not have been "armed" with the firearm that was found in his possession; and his prison record does not demonstrate that he poses an unreasonable risk of danger. Defendant wrote a letter to the court expressing remorse for his crimes and the harm that he inflicted on others, and promising to help others to overcome "fear, strong temptations

3

and pressure from others." In a second letter to the court, he denied being "involved in any prison gang activity," and explained that he was involved with "Ansar-el Muhammad" in order to "associate with and to learn Islam."

On October 26, 2015, the court denied the petition on the ground that defendant was "armed with a firearm" during his current offense. (§§ 1170.126, subd. (e)(2), 667, subd. (e)(2)(C)(iii).) This timely appeal followed.

## DISCUSSION

An inmate is ineligible for resentencing under Proposition 36 if, "[d]uring the commission of the current offense, the defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person." (§§ 667, subd. (e)(2)(C)(iii); 1170.12, subd. (c)(2)(C)(iii); 1170.126, subd. (e)(2).) The phrase "'[a]rmed with a firearm'" has been "statutorily defined and judicially construed to mean having a firearm available for use, either offensively or defensively. (E.g., § 1203.06, subd. (b)(3); Health & Saf. Code, § 11370.1, subd. (a); *People v. Bland* (1995) 10 Cal.4th 991, 997 (*Bland*) [construing § 12022].)" (*People v. Osuna* (2014) 225 Cal.App.4th 1020, 1029 (*Osuna*).)

Defendant argues that in order for the disqualifying factor of being armed with a firearm to apply, there must be an underlying felony to which the arming is attached. He contends that he was not armed with a firearm during the commission of the current offense, because a firearm possession offense has no underlying felony.

This argument has been considered and rejected in several appellate opinions. In *People v. Hicks* (2014) 231 Cal.App.4th 275 (*Hicks*), the defendant argued that "there must be an underlying felony to which the arming is 'tethered.'" (*Id.* at p. 283.) In rejecting this contention, the appellate court concluded that because there was a "temporal nexus" between the arming and the firearm possession offense, the defendant

4

was ineligible for resentencing.[2] (*Id.* at p. 284; *Osuna*, *supra*, 225 Cal.App.4th at pp. 1032-1033 [same]; see *People v. Brimmer* (2014) 230 Cal.App.4th 782, 796–797 ["armed with a firearm" means having firearm available for offensive or defensive use]; *People v. Elder* (2014) 227 Cal.App.4th 1308, 1317 [prior appellate opinion showed defendant was armed during unlawful possession of firearm]; *People v. White* (2014) 223 Cal.App.4th 512, 525–526 [same].)

The same result was reached in a vicarious arming case. In *People v. Caraballo* (2016) 225 Cal.App.4th 1020 (*Caraballo*), police responded to a call about two men (Caraballo and Kirksey) acting suspiciously inside a bank. Upon seeing the officers, Kirksey veered away from Caraballo and ran to some nearby metal bins, where he tossed a handgun on top of a bin. (*Id.* at p. 938.) The jury convicted Caraballo of second degree burglary and found true the allegation that he was armed with a firearm. (*Ibid.*) Cabarallo received a sentence of 25 years to life plus one year for the firearm enhancement. Subsequently, he petitioned to recall his sentence and for resentencing under Proposition 36, arguing that although the jury found he was armed with a firearm, he was not personally armed. The trial court dismissed his petition, concluding he was ineligible for resentencing because he had been vicariously armed with a firearm. (*Id.* at p. 939.) The appellate court affirmed this finding. It concluded "the voters intended to disqualify from resentencing an inmate who was vicariously armed with a firearm during the commission of the current offense." (*Id.* at p. 941.) In reaching this conclusion, the court relied on the ballot materials for Proposition 36, which stated that "life sentence penalties would still apply to persons whose third strike conviction '"*involved firearm possession*"' or was a '"gun-related"' felony [citation]. The use of the broadly inclusive words 'involved' and 'related'—considered together with the initiative's overall purpose—suggest the electorate would have believed that a person who was vicariously

---

[2] The Supreme Court recently granted review in *People v. Estrada* (2015) 243 Cal.App.4th 336 (review granted, April 13, 2016, S232114), which cited *Hicks* for the proposition that an appellate court may rely on a prior appellate opinion in determining that the defendant was armed when he committed the offense, even though the arming enhancement had not been pleaded or proven. (*Id*. at p. 342.)

armed with a gun while committing the current felony would remain in prison under the terms of the initiative." (*Id.* at pp. 940-941.)

*Caraballo* is consistent with *Osuna*, *supra*, 225 Cal.App.4th at page 1032, which also relied on Proposition 36 election materials in concluding that "the Act disqualifies an inmate from resentencing if he or she was armed with a firearm during the unlawful possession of that firearm." (*Id*. at p. 1032.) The *Osuna* court reasoned that "[a] felon who has been convicted of two or more serious and/or violent felonies in the past, and most recently had a firearm readily available for use, simply does not pose little or no risk to the public. '[T]he threat presented by a firearm increases in direct proportion to its accessibility. Obviously, a firearm that is available for use as a weapon creates the very real danger it will be used.' [Citation.] [¶] In light of the clear evidence of voters' intent, we reject the claims that disqualification for resentencing under Proposition 36 requires an underlying offense or enhancement to have been pled and proved, and that a conviction for possession of a firearm cannot constitute being 'armed' with a firearm for eligibility purposes. We further conclude disqualifying factors need not be proven to a jury beyond a reasonable doubt where eligibility for resentencing under section 1170.126 is concerned." (*Id.* at p. 1038.)

We agree with *Osuna's* analysis and holding, which is consistent with the Voter Information Guide for Proposition 36. (Voter Information Guide, Gen. Elec. (Nov. 6, 2012) analysis by Legislative Analyst, at p. 48 [courts will continue "to impose life sentence penalty if third strike conviction . . . involved firearm possession"].) The trial court's finding that defendant was armed with the firearm that he possessed in violation of former section 12021, subdivision (a) is based on the trial transcript and our prior opinion in B106052. (See *People v. Elder*, *supra*, 227 Cal.App.4th at p. 1317 [prior appellate opinion showed arming ineligibility factor applied].) We find no error in the court's finding of ineligibility.

## DISPOSITION

The order denying the petition for resentencing is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


                                        EPSTEIN, P. J.

We concur:



WILLHITE, J.



COLLINS, J.