Filed 8/5/16 (unmodified opn. attached)

<u>CERTIFIED FOR PUBLICATION</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br>  v.<br><br>JAMES BELTON FRIERSON,<br><br>   Defendant and Appellant. | B260774<br><br>(Los Angeles County<br>Super. Ct. No. GA043389)<br><br>ORDER MODIFYING OPINION<br>AND DENYING REHEARING<br><br>[NO CHANGE IN JUDGMENT] |

THE COURT*:

   It is ordered that the published opinion, filed July 20, 2016, be modified as follows:

   1.  In the fourth line of the first paragraph of the Discussion section, the code section subdivision citation is changed from "(e)(2)(C)(ii)" to "(e)(2)(C)(iii)";

   2.  The Roman Numeral "I" is inserted between the first and second paragraph of the Discussion portion of the opinion;

3.  In the second paragraph of the Discussion section following the citation to *People v. Guerrero*, insert "(*Guerrero*)";

4.  After the first paragraph of section I of the Discussion section, insert the following:

Citing *Guerrero* and other cases, defendant argues that in ruling on a motion for resentencing under Proposition 36, the trial court is limited to a determination of "the narrow issue of whether the *conviction* was for qualifying conduct," and that in ruling on the motion the trial court is not permitted "to simply review a transcript and, based on testimony, find the fact."  Instead, defendant argues, "to determine whether a conviction encompasses relevant conduct, the court inquiry is limited to identifying 'the basis of the crime of which defendant was *convicted.*'"  (Citing *People v. McGee* (2006) 38 Cal.4th 682, 691.)  He argues, essentially, that the trial court must restrict its decision to those facts and circumstances necessarily decided in the underlying conviction.

We do not agree that the trial court is so restricted.  *Guerrero* itself involved a determination that went beyond what necessarily had been decided in the prior conviction.  The issue in that case was whether a prior conviction qualified as a "serious felony" under the residential burglary provisions of Sections 667 and 1192.7, subd. (c), since the burglary statute in force when that crime was committed did not differentiate between residential and other burglary.  (*Guerrero,* at p. 346.)  A previous decision, *People v. Alfaro* (1986) 42 Cal.3d 627, had held the trial court could not decide that issue because the residential character of the burglary was not an element of the underlying crime.  Overruling *Alfaro* on this issue, the Supreme Court held that in deciding whether the prior burglary was of a residence, the court could "look to the record of the conviction—*but no further*" in making its decision.  (*Guerrero,* at p. 355.)

Later decisions clarified that the "record of conviction" did not extend to such matters as the defendant's post-conviction admission to a probation officer

2

that he had used a knife in committing the underlying crime (*People v. Trujillo* (2006) 40 Cal.4th 165, 179), or to factual allegations in charges dismissed in a plea bargain (*People v. Berry* (2015) 235 Cal.App.4th 1417, 1425). But the term does include material which is part of the record, such as excerpts from preliminary hearing transcripts. (*People v. Reed* (1996) 13 Cal.4th 217, 223.)

If anything, *Guerrero* is a fortiori to this case, since it deals with evidence bearing on an *increase* in punishment, such as whether a prior conviction was for a "serious felony." In a Proposition 36 proceeding, the court does not consider an increase in punishment, but only whether the convicted defendant is entitled to the reduction in punishment afforded by that law. If he or she is ineligible, the result is that punishment is not reduced; it cannot be increased. That is why there is no right to a jury trial on issues going to the defendant's entitlement to a sentence reduction, or, as we next discuss, to the enhanced burden of proof required to prove facts that would increase punishment.

5. The Roman Numeral "II" is inserted following the above four paragraphs.

Appellant's petition for rehearing is denied.

This modification does not change the judgment.

---

\*EPSTEIN, P. J.,  WILLHITE, J.  COLLINS, J.

3

Filed 7/20/16 (unmodified version)

<u>CERTIFIED FOR PUBLICATION</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JAMES BELTON FRIERSON,<br><br>    Defendant and Appellant. | B260774<br><br>(Los Angeles County<br>Super. Ct. No. GA043389) |

APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed.

Richard B. Lennon and Suzan E. Hier, by appointment of the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Steven D. Matthews and Robert C. Schneider, Deputy Attorneys General.

This is a defendant's appeal from the trial court decision rejecting his petition for resentencing under Penal Code section 1170.126, enacted by Proposition 36, the Three Strikes Reform Act of 2012. (All further code citations are to the Penal Code unless otherwise indicated.) That initiative measure allows inmates serving an indefinite life term under the Three Strikes law (§§ 667, subds. (b)-(i) & 1170.12) to petition the court for resentencing where the third strike conviction was for a felony not classified as a serious or dangerous crime. The initiative also disqualifies inmates serving a sentence imposed pursuant to section 667, subdivisions (e)(2)(C)(i) through (iii). The last of these, subdivision (iii), applies where "[d]uring the commission of the current offense, the defendant . . . intended to cause great bodily injury to another person."

## FACTUAL AND PROCEDURAL SUMMARY

The current offense in this case was for stalking, a violation of section 646.9. Under the Three Strikes law, that offense along with defendant's two prior "strikes" resulted in a term of 25 years to life. Pursuant to Proposition 36, defendant petitioned for recall of his sentence and resentencing. Following a hearing, the petition was denied. The trial court ruled that defendant was ineligible because the third strike offense was committed with intent to inflict great bodily injury to the victim.

The stalking conviction was based on letters from defendant, sent to his wife from prison after she had informed him that she intended to end their relationship. In these letters defendant said he would "track her down," that she should not and that he would not allow her to have another man, that because she had hurt him he would "hurt" her and that he would kill her for causing him so much pain. Later, after receiving divorce papers, defendant wrote her stating that he would do something bad to her because he could not live without her, that she was his wife and he would "get" her for hurting him so badly. He wrote that he was not going to hit her but only talk to her about restarting the relationship, but he also wrote that he could not let her leave and let someone else take her and that he was going to fight for her; and do something "real bad" to her.

2

He called her attention to a news story about a woman who killed her husband and then herself, and said that he would "get [her] for hurting [him] like this. Mark my word . . . "

Following a hearing, based on these statements, the court ruled that defendant was ineligible for recall of the sentence he was serving or for resentencing because of his expressed intent to inflict great bodily injury on his wife. This appeal followed.

## DISCUSSION

Section 1170.126, enacted by Proposition 36, provides in subdivision (e)(2), that an inmate is eligible for resentencing if his or her current sentence was not imposed for an offense appearing in (among other provisions) section 667, subdivision (e)(2)(C)(ii); where, during commission of the offense, defendant "intended to cause great bodily injury to another person." On appeal defendant argues that while he wrote the letters we have discussed, they do not show he intended to inflict great bodily injury on his wife. He reasons that the basis of the trial court's ruling was the fact of defendant's conviction for stalking, a crime that does not require intent to carry out the threatened acts. It is true that the conviction was based on defendant's threats.

In determining an inmate's eligibility for recall and resentencing under Proposition 36, the trial court may examine all relevant, reliable and admissible material in the record to determine the existence of a disqualifying factor. (*People v. Blakely* (2014) 225 Cal.App.4th 1042, 1048, 1051; and see *People v. Guererro* (1988) 44 Cal.3d 343, 355.) That is what the trial court did in this case. It is reasonable to infer, as the trial court did, that when defendant told his wife that he was going to get her, hit her, hurt her, and do something "real bad" to her to avenge what he perceived she had done to him, he meant what he said. (6 Wigmore (Chadbourn rev. ed. 1976) § 1715 and generally 1 Witkin, Cal. Evidence (5th ed. 2012), Hearsay, § 40, p. 833.) Put plainly, the trial court was entitled to infer, as it did, that defendant meant to do what he said he would do.

In a supplemental brief defendant cites to a recent case, *People v. Arevalo* (2016) 244 Cal.App.4th 846 (*Arevalo*) to argue that the burden of proof in ruling on an application for recall under Proposition 36 is with the prosecution, and that burden is proof beyond a reasonable doubt.

The initiative provides that the trial court shall determine eligibility of the defendant for relief under its provisions. We understand the correct allocation of the burden to be that it is for the defendant, as petitioner, to make a prima facie showing that the third strike conviction in his or her case was for a felony that qualifies under the initiative. But where the prosecutor claims that strike or some other circumstance disqualifies the defendant for such relief, it is the prosecutor's burden to prove that disqualification. (See *People v. Superior Court* (*Kaulick*) (2013) 215 Cal.App.4th 1279, 1301.) The issue then becomes: what is the applicable standard for that proof? *Kaulick* holds that it is proof by a preponderance of the evidence. (*Ibid*.) And this appears to be the generally accepted rule. (See *People v. Osuna* (2014) 225 Cal.App.4th 1020, 1040.) Relying on a concurring opinion in *People v. Bradford* (2014) 227 Cal.App.4th 1322, 1344 (by the author of the court's opinion in that case), the *Arevalo* court concludes that the standard must be greater than preponderance. The concurring opinion in *Bradford* suggested that the clear and convincing evidence standard be used. (*Id.* at 1350.)

*Arevalo, supra,* 244 Cal.App.4th 846 finds this insufficient and concludes the prosecution must prove ineligibility beyond a reasonable doubt. (*Id.* at p. 852.) It does so in light of the substantial amount of prison time at stake for the defendant, the risk of error because of the "summary and retrospective nature of the adjudication," and the "slight countervailing governmental interest given the People's opportunity to provide new evidence" at the hearing. (*Ibid.*) And, concern that with a lesser standard "nothing would prevent the trial court from disqualifying a defendant from resentencing eligibility consideration by completely revisiting an earlier trial, and turning acquittals into their opposites." (*Id.*, at p. 853.)

4

We are not convinced.  Preponderance is the general standard under California law, and there is no showing that trial courts will be unable to apply it fairly and with due consideration.  Nor is there a showing that they have failed to do so.  We do not believe that a higher standard, let alone proof beyond a reasonable doubt, the highest standard possible, is constitutionally required.

## DISPOSITION

The judgment (order denying relief) is affirmed.

<u>CERTIFIED FOR PUBLICATION</u>


EPSTEIN, P. J.

We concur:


WILLHITE, J.


COLLINS, J.

5