Filed 8/18/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B266704 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA047807) |
| v. | |
| DAVID NEWMAN, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County. William C. Ryan, Judge. Affirmed.

Jonathan B. Steiner, Executive Director, California Appellate Project, Cheryl Lutz, Staff Attorney, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Noah P. Hill and Viet H. Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.

_____

David Newman appeals from the postjudgment order denying his petition for recall of his sentence on his conviction for assault by means likely to produce great bodily injury (Pen. Code, 245, subd. (a)(1))[1] and for resentencing pursuant to section 1170.126, which was added by Proposition 36 (or Act).[2] He contends the court (Proposition 36 court) erred in determining he was ineligible for resentencing based on its finding he intended to inflict great bodily injury, because although the "court was permitted to examine the entire record of conviction, it could not rely on that record to make new findings that went beyond the 'nature or basis' of the conviction." He further contends that the court erred by applying an incorrect standard of proof, namely, preponderance of the evidence, rather than beyond a reasonable doubt.

We affirm the order. The Proposition 36 court found that defendant intended to cause great bodily injury, which is an expressly enumerated factor for disqualifying, or rendering ineligible, a defendant for resentencing under Proposition 36 (§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii).[3] Contrary to defendant's claim, the court was not foreclosed from making this factual finding of intent, which he characterizes as "a brand new factual finding of intent" prohibited by *People v. Guerrero* (1988) 44 Cal.3d 343. In determining eligibility for Proposition 36 relief, a court is empowered to consider the record of conviction and to make factual findings by a preponderance of the evidence,

---

[1]     All further section references are to the Penal Code unless otherwise indicated.

[2]     "On November 6, 2012, the electorate passed Proposition 36, the Three Strikes Reform Act of 2012 . . . . Proposition 36 reduced the punishment to be imposed with respect to some third strike offenses that are neither serious nor violent, and provided for discretionary resentencing in some cases in which third strike sentences were imposed with respect to felonies that are neither serious nor violent." (*People v. Johnson* (2015) 61 Cal.4th 674, 679.) Proposition 36 became effective on November 7, 2012. (*Johnson*, at p. 680.)

[3]     Under these circumstances, it was not incumbent on the trial court to make a determination whether resentencing would pose an unreasonable risk of danger to public safety (§1170.126). (See *People v. Yearwood* (2013) 213 Cal.App.4th 161, 167-168 [finding of unreasonable risk of danger required where inmate "not disqualified" from Proposition 36 relief].)

2

even if those findings were not made by the jury or the trial court in convicting a defendant of the current offense.

## BACKGROUND[4]

On the evening of December 28, 2000, defendant called a Long Beach Pizza Hut restaurant and ordered a pizza. He became very angry, because he believed he had been placed on hold for "too fucking long." Five minutes after his order, he went to the restaurant and demanded his pizza. He yelled and cursed at the employees and stated he had been "waiting [all] this time and [he was] hungry" and wanted his pizza immediately. Although offered two free pizzas if he would calm down, defendant continued yelling before walking out, stating, "You know[] what? I don't need your fucking pizza."

As he walked out, Jose Alvarez Avalos, a uniformed delivery driver, was entering the restaurant. Defendant struck Alvarez in the jaw although Alvarez, who did not speak English, had not exchanged any words with him. Alvarez fell to the ground and briefly lost consciousness. Upon regaining consciousness, he saw defendant walking to a car and went to his own car to write down defendant's license plate number. Defendant approached from behind, began to choke Alvarez, and demanded his money. He took about $50 from Alvarez's pocket.

Alvarez sustained a hairline fracture of the jaw and was in a great deal of pain. As a precautionary measure, an oral surgeon performed surgery to wire Alvarez's jaw shut.

At trial, defendant admitted he swung his fist at Alvarez's face, hitting him in the jaw but denied using any other force or taking money from Alvarez.

The jury convicted defendant of assault by means likely to produce great bodily injury (§ 245, subd. (a)(1)) but found not true the allegation he inflicted great bodily injury on Alvarez during the assault (§ 12022.7). The jury found defendant not guilty of the charged robbery. The trial court found defendant had suffered five prior felony convictions under the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)),

---

**4**    The following background is based on this court's unpublished opinion filed October 22, 2002, arising from defendant's earlier appeal from the judgment.

3

four of which also were prior serious felony convictions (§ 667, subd. (a)). He was sentenced to prison for 25 years to life for his assault conviction, plus four 5-year prior serious felony enhancements (§ 667, subd. (a)).

In view of respondent's concessions, this court modified the judgment by striking the four prior serious felony conviction enhancements; reversing the finding that the prior assault conviction under section 245, subdivision (a)(1) constituted a strike; and reducing defendant's sentence to 25 years to life in prison for his assault conviction. In all other respects, the judgment was affirmed.

On June 26, 2013, defendant filed a Proposition 36 petition for recall of sentence and resentencing. The court issued an order to show cause why the petition should not be granted. The People filed opposition, and defendant filed a reply.

On August 17, 2015, at the conclusion of the hearing, the Proposition 36 court denied the petition.[5] The court found "in the commission of the [current assault] offense [defendant] intended to cause great bodily injury to another person." The court explained: "I think you can infer what his intentions were from the force he used in the blow coupled with being livid over being put on hold, which is a ridiculous thing to become livid over. Just call somebody else. And going down there and getting into a confrontation. And they tried to placate him and he wouldn't be placated. And then he took out his rage on Mr. Alvarez, causing injuries and hitting him so hard that he broke his jaw and knocked him unconscious. I think that's enough to show intent to inflict great bodily injury."

DISCUSSION

1. *Nature of Factual Findings Underlying Ineligibility Determination*

Defendant asserts the nature or basis of his assault conviction did not involve an intent to inflict bodily injury. He contends the Proposition 36 court was not permitted "to

---

[5] Los Angeles Superior Court Judge James B. Pierce presided over the trial that resulted in the judgment against defendant in his current crime. Judge William C. Ryan of the same court ruled on defendant's Proposition 36 petition.

4

make a brand new factual finding of intent" and could not "make new findings that went beyond the 'nature or basis' of the conviction." The gist of his claim of error is unless the disqualifying factor, e.g., "intent to cause great bodily injury," is an element of the current crime or a sentence enhancement allegation found true by the jury, the court is not empowered to find such factor exists. We are not persuaded.

a. *Offense or Enhancement Elements Irrelevant to Disqualifying Factor Finding*

Proposition 36 does not require the disqualifying factor that renders a defendant ineligible for resentencing to be an element of the offense or a sentence enhancement.

Proposition 36 expressly renders *eligible* for resentencing a defendant whose "current sentence was not imposed for any of the offenses appearing in clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12." (§ 1170.126, subd. (e)(2).) When these statutory provisions are considered in context, it becomes clear that a defendant is *ineligible* for, or disqualified from, resentencing if any one of the following triad of disqualifying factors exists: "During the commission of the current offense, the defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person." (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii).)

Unless a defendant waives his constitutional right to trial by jury (U.S. Const., 6th Amend.), it is for the jury, as the trier of fact, to determine the defendant's guilt or innocence of the charged current offense and the truth or falsity of a sentence enhancement allegation that increases the penalty for the crime beyond the statutory maximum. If he waives his right to a jury trial, the trial court acts as the trier of fact. In contrast, we conclude the existence of a disqualifying factor that would render a defendant ineligible for resentencing under Proposition 36, which would lessen his punishment if he were eligible, is a determination solely within the province of the Proposition 36 court to make without regard to any factual finding by the trier of fact.

Proposition 36, on its face, does not dictate that any of the triad of disqualifying factors must be an element of the current offense or a sentence enhancement or that such

5

disqualifying factors must be pled and proved as such to the trier of fact. Its plain and clear language reflects a contrary intent. Subdivision (f) of section 1170.126 expressly provides: "Upon receiving a petition for recall of sentence under this section, *the court shall determine* whether the petitioner satisfies the criteria in subdivision (e)." (Italics added.)

Further, these disqualifying factors are not a subject for a jury to determine, because they do not cause an *increase* in punishment beyond the statutory punishment for the current offense. Proposition 36 operates to *decrease* a defendant's punishment and therefore is "'an act of lenity.'" (*People v. Bradford* (2014) 227 Cal.App.4th 1322, 1335 (*Bradford*). The Sixth Amendment right to jury trial therefore is not implicated. (Cf. *Apprendi v. New Jersey* (2000) 530 U.S. 466, 490 (*Apprendi*); *People v. Towne* (2008) 44 Cal.4th 63, 86 (*Towne*).

Additionally, the plain purpose of these disqualifying factors is to serve as a prophylactic measure to further the goal of the Three Strikes law to protect society against recidivist criminals who commit violent and/or serious crimes. In enacting Proposition 36, the voters intended a third strike defendant who committed a current, nonviolent and nonserious crime would not be punished as severely as a third strike defendant whose current crime was violent and/or serious. Nonetheless, the voters also intended to exclude those defendants who committed the current nonviolent and nonserious crime in a manner that potentially could result in violent and/or serious consequences, which intent is manifest in the triad of disqualifying factors. As the court cogently reasoned in *People v. Blakely* (2014) 225 Cal.App.4th 1042 (*Blakely*): "It is clear the electorate's intent was not to throw open the prison doors for *all* third strike offenders whose current convictions were not for serious or violent felonies, but only for those who were perceived as nondangerous or posing little or no risk to the public." (*Id*. at p. 1057.)

To this end, Proposition 36 disqualifies from resentencing those defendants whose current crime is nonviolent and nonserious but, during its commission, the defendant used a firearm, was armed with a firearm or deadly weapon, or intended to inflict great bodily

6

injury on another. Assuredly, it would fly in the face of such intent to read into a disqualifying factor a requirement that such factor be an element of the current crime or attendant sentence enhancement. Such requirement would be contrary to the Act's plain language and impermissibly amount to a loophole allowing all other defendants who "used a firearm, [were] armed with a firearm or deadly weapon, or intended to inflict great bodily injury on another" to be eligible for resentencing.

Moreover, the elements of a criminal offense and any attendant sentence enhancement, which increases a defendant's sentence beyond the maximum prescribed for that offense, must be pled and proved by the prosecution. (*People v. Wims* (1995) 10 Cal.4th 293, 323-324.) In contrast, no requirement exists that the disqualifying factors as to *resentencing* eligibility be pled and proved as an element of the current offense or attendant sentence enhancement. (Cf. §§ 667, subd. (e)(2)(C), 1170.12, subd. (c)(2)(C).) In *Blakely*, the court explained: "That voters did not intend disqualification under Proposition 36 to require pleading and proof of a formal offense or enhancement is readily apparent from their inclusion, as a disqualifying factor, of an inmate's intent, during commission of the current offense, to cause great bodily injury to another person. We are aware of no provision criminalizing, or permitting imposition of an additional sentence for, the mere intent to cause great bodily injury to another person. The drafters of the initiative knew how to require a separate offense or enhancement if desired. (See §§ 667, subd. (e)(2)(C)(i) [disqualifying inmate if current offense is controlled substance charge in which enumerated enhancement allegation was admitted or found true], 1170.12, subd. (c)(2)(C)(i) [same].)" (*Blakely*, *supra*, 225 Cal.App.4th at p. 1059; see also *People v. Arevalo* (2016) 244 Cal.App.4th 836, 847 (*Arevalo*).)

Finally, as defendant concedes, the Proposition 36 court is authorized to make its factual findings regarding a disqualifying factor based on the record of conviction. In *Blakely*, the court reasoned: "Like facts invoked to limit the ability to earn conduct credits, facts invoked to render an inmate ineligible for downward resentencing do not increase the penalty for a crime beyond the statutory maximum, and so need not be pled or proved. [Citation.] [¶] It follows that a . . . court determining eligibility for

7

resentencing under the Act is not limited to a consideration of the elements of the current offense and the evidence that was presented at the trial (or plea proceedings) at which the defendant was convicted. Rather, the court may examine relevant, reliable, admissible portions of the record of conviction to determine the existence or nonexistence of disqualifying factors. [Citation.] This is consistent with voters' intent."[6] (*Blakely*, *supra*, 225 Cal.App.4th at p. 1063.)

To conclude otherwise would lead to an absurd result by rendering meaningless Proposition 36 in the situation where neither the charged offense nor an attendant sentence enhancement allegation requires a factual finding that the defendant used a firearm, was armed with one or a deadly weapon, or intended to cause great bodily injury to another person. Accordingly, a Proposition 36 court may determine whether one or more of these disqualifying factors exists independent of the elements of the current offense and any attendant sentence enhancement allegation.

Defendant's reliance on *People v. Guerrero*, *supra*, 44 Cal.3d 343, which is factually inapposite, for a contrary conclusion is misplaced. *Guerrero*, which was decided long before enactment of Proposition 36, concerns what evidence a trial court may consider in determining the truth of a *prior conviction* allegation. The court concluded: "To allow the trier of fact to look to the record of the conviction—*but no further*—is also fair: it effectively bars the prosecution from relitigating the circumstances of a crime committed years ago and thereby threatening the defendant with harm akin to double jeopardy and denial of speedy trial." (*Guerrero*, at p. 355.) Similarly, *People v. Wilson* (2013) 219 Cal.App.4th 500, upon which he also misrelies, concerns a trial court's determination as to whether a defendant's prior conviction qualifies as a "serious felony" under the Three Strikes law. It is in this context that the court in *Wilson* stated: "[A] sentencing court making *this inquiry* is limited to examining

---

[6]     We note whether a Proposition 36 court may rely on the facts underlying counts dismissed under a plea agreement is pending before our Supreme Court in *People v. Estrada* (S232114; formerly (2015) 243 Cal.App.4th 336).

8

the record of the prior conviction to determine *'the nature or basis' of the prior offense.* [Citation.] In doing so, *the court must not engage in resolving factual disputes concerning the defendant's conduct.* '[T]he inquiry is a limited one and must be based upon the record of the prior criminal proceeding, with a *focus on the elements of the offense of which the defendant was convicted.*' [Citation.] 'The need for such an inquiry does *not contemplate that the court will make an independent determination regarding a disputed issue of fact relating to the defendant's prior conduct* [citation], but instead that the court simply will examine the record of the prior proceeding to determine whether that record is sufficient to demonstrate that the conviction is of the type that subjects the defendant to increased punishment under California law.' [Citation.]" (*Id.* at p. 510, quoting from *People v. McGee* (2006) 38 Cal.4th 682, 691, italics added & omitted.)

   b. *Disqualifying Factual Finding Based on Record of Conviction*

   Defendant acknowledges the Proposition 36 court properly may rely on the record of conviction, which includes the transcripts of the trial, citing *People v. Bartow* (1996) 46 Cal.App.4th 1573, and he concedes the "court in this case acted properly in relying on those transcripts."

   The record contains substantial evidence supporting the court's factual finding that defendant intended to cause great bodily injury to Alvarez. (See *People v. Robinson* (2010) 47 Cal.4th 1104, 1126 ["uphold any express or implied factual findings of the trial court that are supported by substantial evidence"].) The evidence reported by the trial transcript established that during an unprovoked attack and in a state of extreme rage, defendant lashed out at Alvarez, an innocent bystander, by punching him in the jaw with a closed fist with such force that Alvarez fell to the ground, lost consciousness, and suffered a hairline fracture of his jaw. It is of no moment that an intent to cause great bodily injury to another person, the disqualifying factor at issue, is not an element of his current crime of assault by means likely to cause great bodily injury (§ 245, subd. (a)(1)) or of the sentence enhancement allegation that he caused great bodily injury (§ 12022.7), which the jury found to be untrue.

9

2. *Standard of Proof: Preponderance of Evidence, Not Beyond Reasonable Doubt*

Defendant contends that beyond a reasonable doubt is the standard of proof applicable to disqualifying factor findings. We conclude the standard of proof is, in fact, preponderance of the evidence.

a. *The Three Standards of Proof*

As the United States Supreme Court has explained, there are generally three standards of proof. "The purpose of a standard of proof is 'to instruct the factfinder concerning the degree of confidence our society thinks he should have in the correctness of factual conclusions for a particular type of adjudication.' [Citation.] Three standards of proof are generally recognized, ranging from the 'preponderance of the evidence' standard employed in most civil cases, to the 'clear and convincing' standard reserved to protect particularly important interests in a limited number of civil cases, to the requirement that guilt be proved 'beyond a reasonable doubt' in a criminal prosecution. [Citation.] . . . [Beyond a reasonable doubt, the] 'unique standard of proof, not prescribed or defined in the Constitution, is regarded as a critical part of the "moral force of the criminal law," [citation].'" (*California v. Mitchell Bros.' Santa Ana Theater* (1981) 454 U.S. 90, 92-93, fn. omitted.)

In short, "[a]t one end of the spectrum is the 'preponderance of the evidence' standard, which apportions the risk of error among litigants in roughly equal fashion. [Citation.] At the other end of the spectrum is the 'beyond a reasonable doubt' standard applied in criminal cases, in which 'our society imposes almost the entire risk of error upon itself.' [Citation.] Between those two standards is the intermediate standard of clear and convincing evidence. [Citation.]" (*People v. Arriaga* (2014) 58 Cal.4th 950, 961.)

In *Bradford*, the court "conclude[d] the standard of proof is not dispositive in this case; petitioner's conviction must be reversed even assuming the burden of proof is a preponderance of the evidence. Therefore, because a determination is unnecessary, we express no opinion regarding the appropriate standard of proof." (*Bradford*, *supra*, 227 Cal.App.4th 1322, 1343.) In a concurring opinion, however, Presiding Justice Raye

10

discussed the three standards of proof and expressed his view that "a heightened burden of proof by clear and convincing evidence" appeared appropriate. (*Id*. at pp.1344-1351.)

To date, no reviewing court has embraced the clear and convincing evidence standard as the standard of proof applicable to a Proposition 36 resentencing disability finding. Rather, the battle lines have been drawn with beyond a reasonable doubt, on one side, and preponderance of the evidence, on the other. The published appellate court opinions espousing a standard of proof thus far have all come down on the side of preponderance of the evidence, except for one, *Arevalo*, in which the court embraced the beyond a reasonable doubt standard of proof. We decline to follow *Arevalo* and conclude the appropriate standard of proof is preponderance of the evidence.

b. *Preponderance of Evidence—Statutory Standard of Proof*

We begin with the language of the initiative itself. Proposition 36 does not indicate the standard of proof applicable to the subject triad of disqualifying factors, any one of which would render a defendant ineligible for resentencing under the Act. As a *statutory* matter, preponderance of the evidence therefore is the appropriate standard. Evidence Code section 115 provides in pertinent part: "Except as otherwise provided by law, the burden of proof requires proof by a preponderance of the evidence."

c. *Preponderance of Evidence—Constitutional Standard of Proof*

As a constitutional matter, we also conclude preponderance of the evidence is the standard of proof. We are not persuaded that beyond a reasonable doubt, the highest standard of proof, has any bearing on the existence of a disqualifying factor that would render a defendant ineligible for Proposition 36 downward resentencing relief.

In *People v. Osuna* (2014) 225 Cal.App.4th 1020, the court "conclude[d] disqualifying factors need not be proven to a jury beyond a reasonable doubt where eligibility for resentencing under section 1170.126 is concerned." (*Id.* at p. 1038.) The court expressly held: "Because a determination of eligibility under section 1170.126 does not implicate the Sixth Amendment, a trial court need only find the existence of a disqualifying factor by a preponderance of the evidence." (*Id*. at p. 1040.)

11

In *Blakely*, the court "reject[ed] defendant's claim that an inmate seeking resentencing pursuant to section 1170.126 has a Sixth Amendment right to a jury determination, beyond a reasonable doubt, on the question of conduct constituting a disqualifying factor." (*Blakely*, *supra*, 225 Cal.App.4th 1042, 1059.) The court, however, did not identify or address the appropriate standard of proof.

On the other hand, in *Arevalo*, the court held that beyond a reasonable doubt is the appropriate standard of proof. In a bench trial, the court acquitted the defendant of the possession of a firearm by a felon charge and found untrue the armed with a firearm allegation. In denying the Proposition 36 petition, a different court, applying the preponderance of the evidence standard, found the defendant had been armed with a weapon during the commission of his offenses. In concluding that the Proposition 36 court erred, the court in *Arevalo* agreed with the defendant's contention that the Proposition 36 court's ineligibility finding was "based on facts not established beyond a reasonable doubt." The reviewing court reasoned: "Under a properly applied 'beyond a reasonable doubt' standard, Arevalo's acquittal on the weapon possession charge, and the not-true finding on the allegation of being armed with a firearm, are preclusive of a determination that he is ineligible for resentencing consideration."[7] (*Arevalo*, *supra*, 244 Cal.App.4th 836, 841-842, see also pp. 853-854.)

In *People v. Frierson* (2016) ___ Cal.App.4th ___, ___ [2016 Cal.App. Lexis 601] (*Frierson*), the court "was not convinced" by the reasoning of *Arevalo*. The court pointed out that *Arevalo* relied on the following concerns in selecting a standard of proof: "the substantial amount of prison time at stake for the defendant, the risk of error because of the 'summary and retrospective nature of the adjudication,' and the 'slight countervailing governmental interest given the People's opportunity to provide new evidence' at the hearing. [Citation.] And, concern that with a lesser standard 'nothing would prevent the trial court from disqualifying a defendant from resentencing eligibility consideration by

---

[7]      Review was denied in *Osuna* and *Blakely*. No review petition was filed in *Arevalo*.

12

completely revisiting an earlier trial, and turning acquittals . . . into their opposites.' [Citation.]" (*Frierson*, at p. ___ [pp. *5-6], quoting from *Arevalo*, *supra*, 244 Cal.App.4th at pp. 852, 853.) In declining to follow *Arevalo*, the court in *Frierson* concluded: "Preponderance is the general standard under California law, and there is no showing that trial courts will be unable to apply it fairly and with due consideration. Nor is there a showing that they have failed to do so. We do not believe that a higher standard, let alone proof beyond a reasonable doubt, the highest standard possible, is constitutionally required." (*Frierson*, at p. ___ [p. *6].)

We also find *Arevalo* unpersuasive for additional reasons and concur in *Frierson*'s conclusion that preponderance of the evidence is the appropriate standard of proof. Although citing to and quoting from *Blakely*, the court in *Arevalo* omitted the above quoted language regarding the claim of a Sixth Amendment right to a jury trial and did not address that court's rejection of the beyond a reasonable doubt standard.

Further, *Arevalo* is inconsistent. The court ordered "[t]he matter . . . remanded for a hearing to determine whether, under a preponderance of the evidence standard, Arevalo would pose an unreasonable risk of danger to public safety such that he should not be resentenced." (*Arevalo*, *supra*, 244 Cal.App.4th at p. 854.) In so doing, the court relied on its earlier decision in *People v. Superior Court (Kaulick)* (2013) 215 Cal.App.4th 1279, in which that court held the People bore the burden of establishing dangerousness by a preponderance of the evidence, because no Sixth Amendment issues were implicated, and thus the beyond a reasonable doubt standard was not warranted.[8] (*Kaulick*, at pp. 1301-1305; see also *Arevalo*, at pp. 842, fn. 3, 849, fn, 10; *Osuna*, *supra*, 225 Cal.App.4th 1020, 1040.)

In *Arevalo*, however, the court did not identify, discuss, or find any Sixth Amendment issues necessitating the beyond a reasonable doubt standard as to a resentencing disqualifying factor. Accordingly, the absence of such issues should have

---

[8] No petition for review was filed in *Kaulick*.

13

compelled the conclusion that the preponderance of the evidence standard applies also to a disqualifying factor finding, but this was not the conclusion reached. As *Blakely* clarified, no Sixth Amendment right to a jury determination of a disqualifying factor exists.[9]

Further, we point out whether the trier of fact is the jury or the trial court, *as a matter of due process*, the standard of proof applicable to the charged offense and a sentence enhancement is the same: beyond a reasonable doubt. Beyond a reasonable doubt is the standard of proof the trier of fact must employ to overcome the presumption of a defendant's innocence. (§ 1096.) As the United States Supreme Court explained: "Lest there remain any doubt about the constitutional stature of the reasonable-doubt standard, we explicitly hold that the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged."[10] (*In re Winship*, *supra*, 397 U.S. 358, 364.)

---

[9]    The Sixth Amendment of the United States Constitution provides: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public *trial, by an impartial jury* of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense." (Italics added.)

[10]    The Court reasoned: "The requirement of proof beyond a reasonable doubt has this vital role in our criminal procedure for cogent reasons. The accused during a criminal prosecution has at stake interests of immense importance, both because of the possibility that he may lose his liberty upon conviction and because of the certainty that he would be stigmatized by the conviction. Accordingly, a society that values the good name and freedom of every individual should not condemn a man for commission of a crime when there is reasonable doubt about his guilt. As we said in *Speiser v. Randall* [(1958) 357 U.S. 513,] 525-526: 'There is always in litigation a margin of error, representing error in factfinding, which both parties must take into account. Where one party has at stake an interest of transcending value—as a criminal defendant his liberty— this margin of error is reduced as to him by the process of placing on the other party the burden of . . . persuading the factfinder at the conclusion of the trial of his guilt beyond a

14

As a general matter, beyond a reasonable doubt, the highest standard of proof, implicates issues regarding guilt or innocence of a charged crime but not sentencing. The United States Supreme Court in *United States v. Watts* (1997) 519 U.S. 148 acknowledged that it has "held that application of the preponderance standard at sentencing *generally* satisfies due process. [Citations.]" (*Id.* at p. 156, italics added.) In *Towne*, *supra*, 44 Cal.4th 63, our Supreme Court cited *Watts*, in concluding that generally, "[f]acts relevant to sentencing need be proved only by a preponderance of the evidence." (*Towne*, at p. 86.) The court elaborated: "Nothing in the applicable statute or rules [in *Towne*] suggests that a trial court must ignore evidence related to the offense of which the defendant was convicted, merely because that evidence did not convince a jury that the defendant was guilty beyond a reasonable doubt of related offenses. [¶] . . . [¶] Nor did the sentencing judge's consideration of conduct underlying acquitted charges violate defendant's Sixth Amendment right to a jury trial. We previously have explained that 'the constitutional requirement of a jury trial and proof beyond a reasonable doubt applies only to a fact that is "legally essential to the punishment" [citation], that is, to "any fact that exposes a defendant to a greater potential sentence" than is authorized by the jury's verdict alone [citation].' [Citation.]" (*Id.* at pp. 85-86.)

In *Apprendi*, the United States Supreme Court held that under the United States Constitution: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (*Apprendi*, *supra*, 530 U.S. 466, 490.)

*Apprendi*'s mandate of a beyond a reasonable doubt standard of proof is factually inapplicable. Proposition 36 operates to decrease a defendant's punishment, not to increase the "penalty for a crime beyond the prescribed statutory maximum."

---

reasonable doubt. Due process commands that no man shall lose his liberty unless the Government has borne the burden of . . . convincing the factfinder of his guilt.'" (*In re Winship*, *supra*, 397 U.S. 358, 363–364.)

This rationale for the beyond a reasonable doubt standard applies equally to the adjudicatory stage of a delinquency proceeding in which a juvenile is charged with the commission of a crime. (*In re Winship*, *supra*, 397 U.S. at p. 368.)

15

CONCLUSION

Proposition 36 renders ineligible for resentencing a defendant who, during the commission of the current crime, used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury. None of these triad of disqualifying factors is required to be an element of that crime or attendant sentence enhancement allegation. The existence of a disqualifying factor is a matter solely within the province of the Proposition 36 court to determine. The statutory standard of proof is preponderance of the evidence. Preponderance of the evidence is also the constitutional standard, because Proposition 36 is an ameliorative act, not one that operates to increase the defendant's "penalty for a crime beyond the prescribed statutory maximum."

DISPOSITION

The order appealed from is affirmed.

CERTIFIED FOR PUBLICATION.


BOREN, P.J.

We concur:


ASHMANN-GERST, J.


HOFFSTADT, J.


16