Filed 10/4/16  P. v. Hutchinson CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B265138 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. LA031657) |
| v. | |
| KNOLTS HUTCHINSON, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County. William C. Ryan, Judge.  Affirmed.

Jonathan B. Steiner, Executive Director, Jennifer Hansen, California Appellate Project, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Noah P. Hill and Theresa P. Patterson, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant Knolts Hutchinson appeals from the postjudgment order denying his petition to recall his sentence and for resentencing pursuant to Penal Code section 1170.126,[1] added by Proposition 36 (or Act).[2] He contends the Proposition 36 court erred in finding he was armed with a deadly weapon, because: (1) the jury did not base its verdict solely on defendant being armed with a deadly weapon; (2) the finding is unsupported by the record of conviction; and (3) the court erred in applying the preponderance of the evidence rather than beyond a reasonable doubt standard of proof. Further, he contends he is not ineligible for Proposition 36 relief, because "the record of conviction does not confirm" his assault with a deadly weapon and by means of force likely to produce great bodily injury (count 4) is "a 'serious felony.'"

We affirm the order. The Proposition 36 court found "[d]uring the commission of the current offense, the defendant . . . was armed with a . . . deadly weapon," which is an expressly enumerated factor for disqualifying, or rendering ineligible, a defendant for resentencing under Proposition 36 (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii)). This finding is legally sound and supported by substantial evidence. The court correctly applied the lesser preponderance of the evidence rather than the greatest beyond a reasonable doubt standard of proof. Whether defendant's current conviction qualifies as a "serious felony" is not germane to this appeal.

BACKGROUND

Shoyne Riggins testified that in September 1998 she lived in the same hotel as defendant, Steven Adams, and Thomas Fuller. Riggins worked as a caregiver for

---

[1] All further section references are to the Penal Code unless otherwise indicated.

[2] "On November 6, 2012, the electorate passed Proposition 36, the Three Strikes Reform Act of 2012 . . . . Proposition 36 reduced the punishment to be imposed with respect to some third strike offenses that are neither serious nor violent, and provided for discretionary resentencing in some cases in which third strike sentences were imposed with respect to felonies that are neither serious nor violent." (*People v. Johnson* (2015) 61 Cal.4th 674, 679.) Proposition 36 was effective on November 7, 2012. (*Johnson*, at p. 680.)

Saundra P., an elderly handicapped woman. On September 5, 1998, Riggins heard Saundra scream, "Let me by." Riggins saw defendant, then in a wheelchair, block Saundra from walking down the hall and tug on Saundra's shirt and purse.

On September 28, 1998, Riggins, threw defendant's dog out of the communal kitchen. Defendant entered and yelled at Riggins for doing so. Riggins argued she did not want the dog present while she was cooking. Fuller and Adams argued on behalf of Riggins. Defendant pushed over the refrigerator, frightening Riggins. Fuller left.

Defendant grabbed a paring knife from Riggins's hand, which caused a small cut on her finger, and pointed the knife at Riggins, stating basically, "You better watch it or I'll get you." He then pointed the knife at Adams and said in essence, "Man, you know I'll kill you. I'll kill you." Adams took off his belt and, walking backwards, went outside the hotel. Riggins described the paring knife as having a one- to two-inch blade.

Adams testified that after defendant grabbed the knife from Riggins, he made a stabbing motion toward Adams, called him a "punk" and "faggot," threatened to kill him, and backed Adams out of the hotel. The paring knife had a two- to four-inch blade.

Defendant was charged with attempted robbery (§§ 664, 211; count 1); sexual battery by restraint (§ 243.4, subd. (a); count 2), and three counts of assault with a deadly weapon or by means of force likely to produce great bodily injury (§ 245, subd. (a)(1); counts 3, 4, & 5). It was alleged that he used a knife during his commission of the attempted robbery (§ 12022, subd. (b)(1)), that he had two prior convictions that were qualifying prior felony convictions (strikes) under the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), that one of those prior convictions was a prior serious felony conviction within the meaning of section 667, subdivision (a)(1), and that he had served two prior prison terms (§ 667.5, subd. (b)). It also was alleged Saundra P. was the victim in counts 1 and 2; Shoyne Riggins was the victim in count 3; Steven Adams was the victim in count 4; and Thomas Fuller was the victim in count 5.

A jury convicted defendant of one count of assault with a deadly weapon (knife) and by means of force likely to produce great bodily injury (count 4), a felony. On count 3, the jury acquitted him of felonious assault, but convicted him of the lesser

included offense of simple assault (§ 240), a misdemeanor. The jury acquitted defendant of the remaining charges. The trial court found the prior conviction allegations true. Defendant was sentenced to a total prison term of 25 years to life as a third striker on count 4.**3**

On July 15, 2013, defendant filed his Proposition 36 petition to recall his sentence and for resentencing.

On October 21, 2013, the Proposition 36 court issued an order to show cause. The People filed opposition to the petition. Defendant filed a reply, and the People filed a supplemental brief.

On June 15, 2015, following a hearing, the Proposition 36 court denied the petition, finding defendant "was armed with a deadly weapon[,] a knife" during the commission of the current offense.

DISCUSSION

1. *Jury's Verdict Does Not Preclude Armed Finding by Proposition 36 Court*

Defendant contends the Proposition 36 court's "own factual finding" that defendant was armed with a deadly weapon (knife) is unsupported by the record of conviction, i.e., the jury's verdict, and that the court's "'relitigation' of the circumstances of the crime" is prohibited under *People v. Guerrero* (1988) 44 Cal.3d 343, 355. We find his contention to be without merit.

The fatal fallacy lies in his misguided focus on "the 'nature' of the actual conviction," i.e., the jury found defendant committed the "assault with a deadly weapon, to wit, a knife, and by means of force likely to produce great bodily injury." That the jury did not specifically find the assault was committed solely with a deadly weapon is inconsequential. In *People v. Newman* (2016) 2 Cal.App.5th 718, this court explained a disqualifying factor, such as the one here, is "not a subject for a jury to determine, because [such factors] do not cause an *increase* in punishment beyond the statutory

---

**3** The above background is taken from the earlier unpublished opinion (B139679), of which we take judicial notice. (Evid. Code, §§ 452, subd. (d)(1), 459.)

4

punishment for the current offense." Rather, "the existence of a disqualifying factor that would render a defendant ineligible for resentencing under Proposition 36, which would lessen his punishment if he were eligible, is a determination solely within the province of the Proposition 36 court to make without regard to any factual finding by the trier of fact," i.e., the jury here. (*Newman*, at. p. 724.) Further, we explained that *Guerrero* is factually inapplicable. "*Guerrero*, which was decided long before enactment of Proposition 36, concerns what evidence a trial court may consider in determining the truth of a *prior conviction* allegation." (*Newman*, at. p. 726.)

2. *Armed with a Deadly Weapon Finding Is Supported by Substantial Evidence*

Defendant contends "[g]iven the ambiguous state of the facts underlying [his] conviction, the [Proposition 36] court's finding that [he] was armed and therefore ineligible to be considered for resentencing must be reversed," because "arming with a deadly weapon was not shown in this case, and the . . . court's ruling must be vacated." We are not persuaded. Substantial evidence supports the court's finding.

The factual findings of the Proposition 36 court are reviewed for substantial evidence. (*People v. Dove* (2004) 124 Cal.App.4th 1, 10; *People v. Johnson* (2003) 114 Cal.App.4th 284, 290.) Under the applicable review standard, we examine the evidence, both direct and circumstantial, in light of the entire record and must indulge in favor of the order all presumptions as well as every logical inference that the court could have drawn from the evidence. (*People v. Maury* (2003) 30 Cal.4th 342, 396; *People v. Carter* (2005) 36 Cal.4th 1114, 1156; *People v. Ochoa* (1993) 6 Cal.4th 1199, 1206.) The reviewing court "uphold[s] any express or implied factual findings of the . . . court that are supported by substantial evidence." (*People v. Robinson* (2010) 47 Cal4th 1104, 1126.)

Based on our review of the record, which includes pertinent portions of the reporter's transcript of the trial, we conclude substantial evidence supports the Proposition 36 court's factual finding that defendant was armed with a deadly weapon during the commission of the current offense. The evidence at trial established that directly after wrestling the paring knife from Riggins, defendant approached Adams,

5

holding the knife above his head and making a stabbing motion while threatening to hurt and kill Adams. Adams backed away and exited the kitchen and the hotel. Adams and Riggins each testified defendant had come within six inches of Adams.

Defendant does not challenge this evidence. Rather, his contention that no deadly weapon was used arises from Riggins's testimony that the blade of the knife was one to two inches long. He suggests that the jury might have found "the small paring knife" not to be a deadly weapon and that such finding would be justified. As authority, he cites *In re Brandon T.* (2011) 191 Cal.App.4th 1491, 1496, and he points to that court's conclusion there was insufficient evidence that a "'three and a quarter inches long'" butter knife was a deadly weapon.

Initially, we point out the evidence before the Proposition 36 court included Adams's description of that knife as having a two- to four-inch blade. At the hearing, in discussing count 3, the misdemeanor assault on Riggins, that court, who was not the trial court, stated its belief the record reflected the knife defendant used to threaten Riggins was "a one- to two-inch blade paring knife." Counsel for the respective parties did not alert the court that, as to the subject felony assault with a deadly weapon against Adams (count 4), Adams described the blade as between two to four inches. If the court had known this to be the case, the court would have credited Adams's testimony over Riggins, because, at the hearing, the court stated: "I can't believe it was a two-inch blade paring knife. I've never seen a paring knife that small, but I'll accept that that's the record."

Further, as a general matter, a butter knife is used to separate a bar of butter into pats and spreading a pat around a slice of bread. This function is a far cry from that of a paring knife, which is used not only to peel a fruit or vegetable but also to cut those items into slices or chunks.

In any event, whether a knife qualifies as a deadly weapon is not determined simply by the length of its blade and/or its function. "As used in section 245, subdivision (a)(1), a 'deadly weapon' is 'any object, instrument, or weapon which is *used* in such a manner as to be capable of producing and likely to produce, death or great bodily injury.'

6

[Citation.]" (*People v. Aguilar* (1997) 16 Cal.4th 1023, 1028-1029, italics added.) This definition applies across the board unless a specific statutory definition is implicated. (*People v. Page* (2004) 123 Cal.App.4th 1466, 1472.) The Act here does not define "deadly weapon." Accordingly, the litmus test is whether the paring knife was used in a manner "likely to produce great bodily injury." This is exactly what occurred. Defendant approached within six inches of Adams while holding the knife above his head and made a stabbing motion, accompanied by an express threat to kill Adams. Riggins believed defendant was trying to injure him, and Adams felt sufficiently threatened to leave not only the kitchen but also the hotel itself.

3. *Preponderance of the Evidence Is the Applicable Standard of Review*

Defendant contends the Proposition 36 court applied the incorrect standard of proof in making its factual findings, because the appropriate standard is beyond a reasonable doubt, as enunciated by the court in *People v. Arevalo* (2016) 244 Cal.App.4th 836, not preponderance of the evidence. We are not persuaded.

In *People v. Frierson* (2016) 1 Cal.App.5th 788, the court disagreed with *Arevalo* and concluded the correct standard of proof is preponderance of the evidence. (*Frierson*, at pp. 793, 794.) In *Newman*, this court concurred with that conclusion. We noted "beyond a reasonable doubt, the highest standard of proof, implicates issues regarding guilt or innocence of a charged crime but not sentencing," as a general matter, unless the issue involves a factual finding that might subject a defendant to a potential sentence greater than that authorized by the verdict of the trier of fact itself. (2 Cal.App.5th at p. 731.) We held the preponderance of the evidence standard applied, because "Proposition 36 operates to decrease a defendant's punishment, not to increase the 'penalty for a crime beyond the prescribed statutory maximum'" (*id.* at p. 732), the scenario in *Apprendi v. New Jersey* (2000) 530 U.S. 466, 490.)

4. *Status of Current Conviction as "Serious Felony" Is Not Germane*

Defendant contends "[e]ligibility for resentencing turns on whether or not a defendant's 'Third Strike' is a serious felony or not, thus, the determination as to whether or not [he] was convicted under the deadly weapon theory or the GBI theory in Count 4 is

critical." He urges "[s]ince the record of conviction does not confirm that Count 4 was a 'serious felony,' [he] is not ineligible for relief under" Proposition 36. The "serious felony" status of his current conviction in that count is not germane to this appeal.

In opposition to the petition, the People alternatively argued defendant was ineligible for relief under Proposition 36 in that his current offense was a serious felony, because he personally used a deadly weapon. The Proposition 36 court, however, did not find defendant ineligible for this reason. Rather, the court found him ineligible based on the specific, enumerated disqualifying factor that during the commission of the current offense, defendant was armed with a deadly weapon, a knife. (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii).)

DISPOSITION

The order appealed from is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


BOREN, P.J.

We concur:


ASHMANN-GERST, J.


CHAVEZ, J.


8